MARY A. McLEAN *vs.* FISKE WHARF AND WAREHOUSE COMPANY.

Suffolk.   January 12, 1893. — March 14, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Election of Counts — Repairs by Landlord — Evidence — Collateral Issue.*

Where there is nothing to submit to the jury under the second count of a declaration containing two counts, stating different grounds for recovery for the same cause of action, the plaintiff is not harmed by the ruling requiring him to elect, at the close of his evidence, on which count he will rely.

A. brought an action for personal injuries against B., the owner of the premises where the accident happened. The premises were let to C. That part of the evidence most favorable to A., considered by itself, had no tendency to show that B. undertook to have an oversight of the premises, and to keep them in safe and proper condition for C. and his tenants, without notice of defects or special request. *Held*, that the case was rightly withdrawn from the jury.

Evidence offered to contradict a witness in regard to a matter outside of the issue, in which his answers had been drawn out in cross-examination, is rightly excluded.

TORT, for personal injuries.   The declaration contained two counts, the first of which was as follows:

" The plaintiff says that the defendant is a corporation, duly established by law, and is the owner of certain buildings on Commercial Street in the city of Boston, occupied by various tenants ; that on or about the second day of January, A. D. 1890, the plaintiff occupied a portion of the building numbered 453 in the numbering of the stores and doorways on said Commercial Street, and as such occupant or tenant used in common with the other tenants of said building a certain outhouse or privy, located in the rear or yard of said building; that on or

about the said date the plaintiff visited said privy and used due and proper care in so doing, but the floor of said privy or outhouse, which was negligently suffered by the defendant to be and remain out of repair, then sank and fell, precipitating the plaintiff into the opening, and causing her severe bodily pain and injury, and causing her to suffer, and she continues to suffer from the effects of said fall."

The answer was a general denial.

Trial in the Superior Court, before *Bond*, J., who, at the close of the plaintiff's case, directed a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in January, 1893, and afterwards was submitted on the briefs to all the judges.

*J. P. Leahy*, for the plaintiff.

*H. G. Allen*, for the defendant.

KNOWLTON, J.   The plaintiff was not harmed by the ruling requiring her to elect, at the close of her evidence, on which count she would rely.   Where the declaration contains two counts stating different grounds for recovery for the same cause of action, it is ordinarily in the discretion of the presiding justice to determine whether the plaintiff shall elect between them or be permitted to go to the jury on both.   In the present case, the second count alleged that the defendant, prior to the accident, had undertaken to make repairs on the building, and had made them negligently.   There was no evidence that the defendant or anybody else had ever repaired the building, and there was nothing to submit to the jury under this count.

The next question is whether there was evidence to warrant a verdict for the plaintiff under the first count.   The defendant was the owner of the premises where the accident happened, and there was evidence from several witnesses, which was uncontradicted, that five houses, including these premises, had been let to one Murphy in 1885, and had been in his control as tenant of the defendant all the time from that year to the day of the accident, which occurred in 1890, and that by the contract of letting the defendant was not required to make any repairs.   It was also undisputed that the plaintiff hired the premises from Murphy and paid rent to him, taking receipts signed in his name, and that she had all her dealings in regard to the tenement with him,

and that he ordered her out a short time before the trial. The plaintiff relies on evidence that the carpenter who assisted Murphy in repairing the privy was regularly employed by the defendant, but the only evidence in regard to the circumstances under which he did the work was that Murphy paid him for it by giving him some tools, and that the defendant's agents did not pay him, and never told him to do any work on any part of the premises hired by Murphy. The testimony of the witness called by the plaintiff to contradict this carpenter was not affirmative evidence, and cannot be considered in support of the proposition which the plaintiff seeks to maintain.

It is well settled that, in the absence of an express contract, a landlord is under no obligation to make repairs on real estate in the possession of a tenant, and the fact that at special request he makes some repairs while his tenant is holding at will is no evidence that he contracted in the beginning to keep the premises in good condition. He may, and often does, voluntarily make particular repairs for the preservation of the estate and the benefit of the reversion, as well as to induce the tenant to continue a tenancy which otherwise he might terminate on short notice. *McKeon* v. *Cutter*, 156 Mass. 296. The evidence tended to show that after the first year Murphy was a tenant at will of the defendant, and there was evidence that during seven years before the trial of this case the defendant had slated one roof and had shingled another, and had made some special repairs three or four times. But all the direct evidence was to the effect that the defendant did not make ordinary repairs, and was under no obligation to make repairs, and that Murphy made them himself.

If we take that part of the evidence most favorable to the plaintiff and consider it by itself, it has no tendency to show that the defendant undertook to have an oversight of the premises in Murphy's possession, and to keep them in safe and proper condition for him and his tenants, without notice of defects or special request. If repairs had been made by the defendant with such frequency and under such circumstances as to furnish evidence of an agreement between the parties that the landlord should make repairs, the natural inference would be, in regard to portions of the property in use and peculiarly under the observation of the tenant, that the landlord was to repair on notice of defects,

and not that he should assume to inspect the property so frequently as to discover and remedy all defects without notice. *Hutchinson* v. *Cummings*, 156 Mass. 329.   A majority of the court are of opinion that the case was rightly withdrawn from the jury.

The evidence offered to contradict Murphy was rightly excluded.   It was in regard to a matter outside of the issue, in which his answers had apparently been drawn out in cross-examination, and it was not competent for the plaintiff to contradict him.*                                   *Exceptions overruled.*

---

* The evidence so excluded was as follows.   Murphy having testified that he had never refused to paper the tenement of Mrs. McLean until he first saw the treasurer of the defendant corporation about it, and that when requested to repair the steps, shed, and blinds he had never stated that he must first see the treasurer, the plaintiff offered to prove by Mr. McLean that he had stated that he could not paper the tenement or repair the steps, shed, or blinds until he had seen the treasurer.