THE FAIR HAVEN AND WESTVILLE RAILROAD COMPANY *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, January Term, 1905.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

After a cause, decided by this court, has been remanded merely for the purpose of having a deduction made from the amount of the judgment as rendered, the trial court has no power to allow an amendment of the pleadings and a reopening of the case.

Upon a proceeding in the nature of an appeal from a street paving assessment, the plaintiff's evidence should be confined to the matters alleged in his reasons of appeal or grounds for relief; and this is equally true, whether such allegations are made voluntarily or because required by a rule of court.

Upon such a proceeding the plaintiff or appellant will not be permitted to avail himself of the defendant's failure to offer evidence in rebuttal of a claim for which no foundation had been laid by the plaintiff and of which he had given no notice.

Evidence which is offered and admitted for a limited purpose, and the facts found from such evidence, cannot be used for another and totally different purpose.

A question which has once been presented to, argued before, and decided by this court, upon a bill of exceptions filed by the party originally successful in the trial court, is not open for future discussion in the same case upon an appeal subsequently taken by him, although in the meantime he may have discovered additional grounds in support of his former contention.

Submitted on briefs January 25th—decided April 20th, 1905.

APPEAL from a judgment of the Superior Court in New Haven County (*Gager, J.*) reducing, pursuant to the man-

date of this court, an assessment against the plaintiff for the cost of paving with asphalt a portion of a street in the defendant city, and confirming and establishing said assessment as so reduced.   *No error.*

*Talcott H. Russell* and *George D. Watrous*, for the appellant (plaintiff).

*Leonard M. Daggart* and *E. P. Arvine*, for the appellee (defendant).

PRENTICE, J. This is the third appearance in this court of this proceeding, which is in the nature of an appeal from an assessment laid against the plaintiff, a street-railway corporation, by the defendant city, on account of the cost incurred in 1897 by the paving with asphalt of one of its streets, through the middle of which a double line of the plaintiff's tracks extended.   The facts out of which the controversy arises are fully detailed in the reports upon the former appeals.   75 Conn. 442 ; 77 id. 219.   Only a few of them need be here recalled.

In 1895 a Special Act was passed (12 Special Laws, p. 565) authorizing the defendant city to bond itself to raise moneys for paving construction, and to expend the moneys so raised for that purpose.   The Act provided for the assessment of a portion of the cost of such work upon abutting landowners, and another portion upon any street-railway company or companies occupying with its tracks any street so paved.   The portion to be so assessed against any such railway company was by the Act fixed as the cost of paving and repaving " the full length, and nine feet wide for each and every line of track."   The defendant in making its assessment attempted to apply this rule.   From the assessment of $36,879, thus arrived at, the plaintiff brought to the Superior Court its application for relief.   That court sustained the plaintiff's contention, that the provision of the Act of 1895 recited, and upon which the defendant's assessment was based, had prior thereto been repealed by

another Special Act enacted in 1899 (13 Special Laws, p. 181), and that the only provisions of law authorizing any assessment were those contained in said last-named Act, which were limited to the assessment of benefits and damages assessed " for or against all owners of property, abutting upon or adjoining the streets on which such pavements are constructed." The court overruled the plaintiff's further contention, that it was not an owner of property abutting or adjoining the street within the meaning of the Act and that therefore no assessment could be made against it, and assessed the plaintiff the sum of $5,823. From this assessment the city took the first appeal to this court. 75 Conn. 442.

We then decided : —

(1) That the only section of the Act of 1899 which did not relate to future paving construction, to wit, section three, was not intended to and did not relate to the ascertainment of the share of the cost of street paving completed prior to the passage of the Act which might be cast upon a street-railway company occupying with its tracks the paved street, and was not intended to and did not operate to repeal, change, or modify the provisions upon that subject of the Act of 1895, which was in force when the work was done.

(2) That the Act of 1895 furnished the only rule prescribed by statute for the ascertainment of the share of the burden of the cost of the pavement construction in question which the city might impose upon the plaintiff, and that the imposition of the share so ascertained was in terms authorized by said Act.

(3) That said provisions of the Act of 1895, which in terms were that " on all streets occupied by the track, or tracks, of any railway company, or companies, said company or companies shall be assessed and shall severally pay to the city the cost of paving and repaving the full length, and nine feet wide for each and every line of track," etc., were not intended to provide a rule for the assessment of benefits accruing to property-owners by reason of a public work, nor to provide a basis for taxation, but to prescribe a measure

of the burden which the plaintiff, as a *quasi* public corporation enjoying at the hands of the State and for its own benefit and advantage certain special privileges in the highway and in the roadbed thereof, ought reasonably to bear with respect to the maintenance of that highway.

(4) That said provisions of said Act were not such that we could say of them that they required of the plaintiff, as a corporation operating under public authority a railway in a public street, anything that was unreasonable, that the burden thereby imposed was unreasonably cast, or that that burden was in any respect arbitrary, oppressive, partial or unequal.

(5) That said provisions of said Act, interpreted as indicated in paragraph (3) above, and being of the character indicated in paragraph (4), were within the power of the General Assembly to enact, and were not violative of any constitutional prohibition of this State or of the United States, since they embodied a valid exercise of both what is commonly termed the police power, and the reserved power of amendment of the plaintiff's charter, by and under which its franchise in the highway was derived and is enjoyed.

(6) That those features of the Act which required the plaintiff to pay the cost of a specified portion of the work done, gave the plaintiff no opportunity to do the work itself, permitted the city to do it, and required the plaintiff to pay the city the cost, were not such as were forbidden by fundamental law.

(7) That the objection urged in the bill of exceptions to the amount of the city's assessment, to wit: that it included items of expense not involved in the cost of paving the eighteen feet of width chargeable under the Act to the plaintiff, did not call for decision, since the correctness of that assessment was not then in question, and the considerations urged were properly to be addressed to the trial court upon the remandment of the cause for a new assessment as ordered.

Error was thereupon found and the cause remanded.

Upon the rehearing to determine the amount which

should be assessed under the provisions of said Act of 1895, the Superior Court confirmed the city's assessment of $36,879. The plaintiff thereupon appealed, assigning as error not only those rulings which the court made pursuant to the former decision of this court, but also others which were either not presented upon the former appeal or not then passed upon. Upon that appeal we reaffirmed without discussion our former rulings, and further held :—

(8) That the assessment thus confirmed included not only the cost of paving that portion of the street specified in the statute, but also the cost of keeping the same in repair for a period of years, and was, therefore, and to that extent, unwarranted and improper.

(9) That said cost of repair was not either inherently, or upon the facts disclosed by this case, so incapable of separation from the cost of construction that the latter could not be ascertained and an award therefor made as the statute requires.

(10) That the claim, then for the first time made—that the assessment laid was either in whole or in part invalid as being the result of an unlawful and unconstitutional exercise of the power conferred by the terms of the Act of 1895, since the street had been paved in whole or in part twenty-three years prior to the laying of the present pavement and the plaintiff had then been assessed and had paid a portion of the cost thereof, and especially since the city had failed to show the propriety or necessity of the new pavement as a means of repair—was one of which the plaintiff could not take advantage, for the reason that neither the original application nor any subsequent pleadings in amendment to or supplement of it furnished any foundation for it, and for the further reason, that as the plaintiff had not given any notice of an intention to make the claim, and by such notice put the city to the proof of facts to meet it, the latter's failure to make such proof could not in fairness be used to its disadvantage in a way of which no warning had been given.

Error in part was therefore found, and the cause remanded for a deduction, from the amount of the assessment con-

firmed, of that portion of it which represented cost of repair.

Upon the return of the cause the plaintiff moved for leave to amend its application by adding thereto six paragraphs setting out reasons, including those hereinbefore noticed, why the assessment, either in whole or in part, represented an unlawful and unconstitutional exercise of the authority in terms conferred by the Act of 1895. This leave the court (*George W. Wheeler, J.*) declined to give, upon the double ground (1) that it had no power to allow the desired amendment, and (2) that it ought not as a matter of discretion to be allowed.

Upon the hearing the court found that the cost to the city of the construction of the pavement was $2.93 per square yard, and the cost of the agreement to repair 37 cents per square yard. As the total number of square yards of paving chargeable to the plaintiff under the provisions of the Act of 1895 was found to be 9,705 square yards, the total cost of said paving was found to be $33,288.15, and the cost of the agreement to repair $3,590.85, the two sums together making the sum of $36,879, for which amount the original assessment had been made. The court thereupon eliminated said $3,590.85, and confirmed and established the assessment at the sum of $33,288.15.

The plaintiff thereupon again appealed, renewing its former reasons of appeal and adding four others based upon the above-recited action of the court subsequent to the last remand of the cause. These four reasons of appeal, as the plaintiff concedes, involve only two claims of error, to wit: (1) that the court erred in refusing to allow the proposed amendment to the application, and (2) that it erred in holding that the contract for the paving as originally entered into, which stipulated that the price for its construction and maintenance for the specified term was to be $3.30 per square yard, the same being under seal, was thereafter and before the construction of the paving effectually amended by the action of the parties thereto not under seal.

The court was correct in its ruling upon the motion for

leave to amend. A new trial was not awarded. On the contrary, the case was returned, as is frequently done, with a mandate defining and limiting the duty of the trial court. Rules of the Supreme Court, p. 109, § 63. This mandate was controlling upon the action of the Superior Court, and prevented it from opening up the case anew.

The second claim of error involves the assumption that the trial court found an amendment of the original contract, as stated. The finding furnishes no warrant for this assumption, either in what is expressly found or in what arises by necessary inference therefrom. The finding, that the cost to the city of the agreement to repair was 37 cents per square yard, is by no means legally inconsistent with the fact, if such it was, that the work was done under a contract which called for both original construction and maintenance for a period of years, and that the price named therein was a gross sum and not separate sums for each of the obligations assumed by the contractor.

Our former rulings upon the matters in controversy are affirmed.

The plaintiff's brief urges that any rule which may have forbidden the trial court to allow its proposed amendments ought, under the circumstances of this case, to be relaxed in its favor. The circumstance especially relied upon to support this appeal arises from the plaintiff's apparent conception that some obscure or stringent rule of pleading was upon the former appeal invoked and applied in such a way as to work a hardship upon the plaintiff, and deprive it of its right to claim that the city's attempt to enforce an assessment under the circumstances of the case was an unconstitutional exercise of power in terms conferred by the Act of 1895. Indeed, the brief seems to intimate that we must have originated a code of pleadings applicable to proceedings of this character.

Even a cursory reading of the former opinion discloses the plaintiff's misconceptions of it in this regard. The only principles invoked by us were two, and neither was original, stringent, or obscure. The first was the familiar one appli-

cable to appeals and proceedings in the nature of appeals, that when the appellant or applicant, whether required to do so or not, does in fact set out his reasons of appeal or grounds for relief, he will be limited in his evidence to the matters so set out. *St. Leger's Appeal*, 34 Conn. 434; *Hart's Appeal*, 32 id. 520; *Mix's Appeal*, 35 id. 121. The second was the rule of common fairness, that when one party to a cause by his silence when, if ever, it was his duty to speak, has naturally induced conduct on the part of his adversary, he will not be permitted to take advantage of any act or omission so induced to the latter's disadvantage. The pertinence of this rule to the plaintiff's attempt to make capital out of the defendant's failure to offer proof of certain facts in rebuttal of a claim for which no foundation had been laid, and of which no notice had been given, seemed too apparent to require elaboration.

Two other principles might have been invoked in aid of the two named, had it seemed necessary to further demonstrate that the claim which the plaintiff was undertaking to assert was one which could have no standing in the case. The first of these is that which forbids evidence offered and admitted, as that in question was, for a limited purpose, and facts found upon such evidence, to be used for another and totally different purpose. The second is to the effect that as the question of the constitutionality of an assessment under the provisions of the Act of 1895 had been presented for decision upon the plaintiff's bill of exceptions, which had been made a part of the first appeal, and had been fully argued and decided, the question was no longer an open one in the case, and the defeated party could not be permitted to gather additional facts and frame and urge new reasons to secure a revision of the decision.

The plaintiff was not surprised by the appearance or importance of the constitutional question upon the first appeal. It presented the question itself and argued it at length. It was its duty therefore to make its application sufficient to support the claims desired to be made, and present those claims then and there. If it failed to do so the responsibility

for the result cannot be laid to the charge of the court. Neither can that failure, nor the discovery of new points of possible attack, be made the basis of an appeal to judicial discretion, if such existed, for permission to undo what had already been accomplished by long-continued litigation which ought, if possible, to be permitted to represent some permanent results.

The plaintiff in its brief asks us to define more clearly than was done in our last opinion the claims which come within the ruling then made, as hereinbefore stated in paragraph (10) of the résumé of our rulings. If any more precise statement could be deemed necessary, we would say that we intended to include any claim that the assessment, if confirmed, would, under the circumstances of the present case, be either in whole or in part the result of an unlawful and unconstitutional exercise of legislative power for the reason or reasons that the whole or a portion of said street had once been paved, the plaintiff being assessed and paying a part of the cost thereof, that the defendant had not shown the propriety or need of the repavement as a measure of repair, that it had not shown that some proper public authority had passed upon that question, or other reasons peculiar to this particular work and not arising from the general operation of the statute.

There is no error.

In this opinion the other judges concurred.