MARGARET M. PHELAN *vs.* GEORGE C. FITZPATRICK.

Suffolk.   March 23, 24, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Landlord and Tenant.   Evidence.*

A girl living with her father and mother in a tenement on the third floor of a build-
ing, who is injured by a fall caused by the breaking of the railing of a platform
of the tenement while she is taking in clothes from a line attached to the rail-
ing, is in no better position as regards the liability of the landlord than either of
her parents would have been if injured in like manner.

The principle, that in the absence of an agreement on the subject a landlord is
under no obligation to his tenant to put the premises in better condition than
they were at the time of the letting, applies to a defective railing of a platform
attached to a tenement on the third floor of a building and used by the tenant

for storing fuel, hanging out clothes and other purposes, although staircases to and from the platform are used generally by the tenants in the building in passing between their several tenements and the yard below.

If a landlord on one occasion at the request of a tenant voluntarily undertakes with a hammer and nails furnished him by the tenant to repair the railing of a platform extending from the tenement, this is not an admission of liability on the part of the landlord in case the tenant or her daughter afterwards is injured from the railing giving way.

MORTON, J. This is an action of tort to recover for injuries sustained by the plaintiff in consequence of a fall from a platform in the third story of a building belonging to the defendant. The fall was caused by the breaking of the railing while the plaintiff was taking in clothes from a line attached to the railing. The plaintiff lived with her parents who occupied a tenement on the third floor of the building. The judge ordered a verdict for the defendant and the case is here on the plaintiff's exceptions to that ruling.

The plaintiff stands in no better position than her parents would have stood in if either one of them had been injured under like circumstances. She was in under their rights as tenants. *Wilcox* v. *Zane*, 167 Mass. 302. And it is plain it seems to us that that portion of the platform enclosed by the railing constituted a part of the tenement which was hired by them from the defendant. It is true that stairs connecting the various tenements with the yard went from one platform to the other. But the common use of the platforms was confined to so much of them as was occupied by the stairs and was reasonably incident thereto. The rest of the platforms was used by those occupying the tenements with which they were severally connected. The platform connected with the tenement occupied by the plaintiff and her parents was used by them to store wood and coal on and for other private purposes. The water closet belonging to the tenement was situated there, and the clothes line, whoever put it there, as to which there was some dispute, was not a line for common use but for the use of the occupants of the tenement. In hiring the tenement the rule of *caveat emptor* applied, therefore, to the platform and the railing as well as to the rest of the tenement. The plaintiff's parents took the tenement in the condition in which it was, and the defendant was under no obligation to repair the railing if it needed repair or to make subsequent repairs.

*Booth* v. *Merriam,* 155 Mass. 521.    *Bowe* v. *Hunking,* 135 Mass. 380.    *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472. *Szathmary* v. *Adams,* 166 Mass. 145.    *Galvin* v. *Beals,* 187 Mass. 250.    The fact that the defendant voluntarily undertook on one occasion at the request of the plaintiff's mother to repair the railing with a hammer and nails which she furnished him would not constitute an admission of liability on his part or render him liable if the railing afterwards gave way.    It was a gratuitous act on his part which imposed no liability upon him.    *McLean* v. *Fiske Wharf & Warehouse Co., ubi supra.    McKeon* v. *Cutter,* 156 Mass. 296.    *Kearines* v. *Cullen,* 183 Mass. 298.

*Exceptions overruled.*

*J. J. Feely,* (*R. Clapp* with him,) for the plaintiff.

*S. R. Jones,* for the defendant.