LEROY E. HOYT vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon a hearing in damages after a default, the plaintiff's only burden is to prove the amount or extent of his damage. Having done this, he is entitled to recover such damages unless the defendant, having given the notice prescribed by statute (§ 742), disproves the negligence alleged or proves contributory negligence upon the part of the plaintiff.

In an action to recover damages for personal injuries, the defendant contended that the subordinate facts found with reference to the plaintiff's conduct at the time of the injury necessarily and as matter of law proved him to have been guilty of contributory negligence. *Held* that this contention was untenable; that upon the facts stated in the record the plaintiff's conduct was not so interwoven with the defendant's negligence as to make it, necessarily and as matter of law, an approximate cause contributing to his injury.

The defendant claimed that at the time of the injury the plaintiff was voluntarily leaving the train, before it had reached the station, in an attempt to make a short cut to his home. *Held* that while this was a possible inference from the subordinate facts found, such facts were not sufficiently conclusive to render a different inference, drawn by the trier, an error in law.

Inferences from the appearance and conduct of a witness can only be drawn by the trier, and from their very nature cannot be reviewed by this court on appeal.

A finding will not be corrected by this court on appeal, unless the correction sought was an admitted or undisputed fact in the case.

Argued January 25th—decided March 8th, 1906.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and heard in damages by the Superior Court in Fairfield County, *Shumway, J.;* facts found and judgment rendered for the plaintiff for $1,500, and appeal by the defendant. *No error.*

*William B. Boardman,* for the appellant (defendant).

*John J. Walsh* and *John Keogh,* for the appellee (plaintiff).

HAMERSLEY, J.   The plaintiff, about eleven o'clock on the evening of June 27th, 1903, at South Norwalk, boarded a train of the defendant to go to Bridgeport.   When within about two thirds of a mile of the Bridgeport station he fell from the train and was badly injured.   He was carried to a hospital where he remained for some time.   Eleven months afterward he brought this action, alleging that his injuries were caused by the negligence of the defendant and without contributory negligence on his part.

Upon the defendant's default the plaintiff was entitled to a judgment for the amount of such damages resulting from the injury as he could lawfully establish.   Since § 742 of the General Statutes, relative to defendant's notice upon hearings in damages, became law, the only duty and burden laid upon the plaintiff upon the hearing in damages is to prove the damage actually resulting from his injuries.   Having proved this, he is entitled to compensatory damages unless the defendant, having given the statutory notice, disproves the allegations essential to establish the negligence alleged in the complaint, or proves that the negligence of the plaintiff as well as that of the defendant contributed to the injury; and in case of such proof the plaintiff is entitled to nominal damages.   In such hearings there are two questions of fact before the trier: one, what is the amount of legal damage resulting from the plaintiff's injuries?   This fact the plaintiff must prove.   The other question is, was the defendant innocent of the negligence alleged in the com-

plaint, or was the plaintiff guilty of negligence contributing to the injury which is alleged in the complaint? These facts the defendant must prove, and in the absence of any proof, or of sufficient proof to legally satisfy the court, judgment for substantial damages must follow. *Hourigan* v. *Norwich,* 77 Conn. 358, 362, 367; *Brennan* v. *Berlin Iron Bridge Co.,* 74 id. 382, 387; *Finken* v. *Elm City Brass Co.,* 73 id. 423, 427; *Ockershausen* v. *New York, N. H. & H. R. Co.,* 71 id. 617, 621.

In this case the complaint alleges (1) that the plaintiff was a passenger riding in the smoking-car of a train which left South Norwalk at 11 : 15 P. M., which train stopped near the Main Street crossing in Bridgeport, and the plaintiff, believing the train had reached the Bridgeport station where he had intended to alight, rose from his seat and started toward the rear of the car, and when within a few feet of the rear door the train was violently started and the plaintiff thereby was thrown from the door, striking the outside platform, from which he fell through an open gateway which ordinarily encloses the platform while the train is in motion and at other times except when the train is at a station, and fell under and was run over by the wheels of one of the cars of said train; (2) that by being thus thrown from the car the plaintiff sustained the injuries described; (3) that the injuries were caused by the negligence of the defendant in violently starting the train after coming to a stop, in leaving the door of the car open and unprotected, in leaving the gate on the platform open and the platform unprotected, in the failure of the brakeman to inform the plaintiff that the train had not reached the station, in his failure to attempt in any way to prevent the plaintiff leaving the car at a place known to the brakeman to be dangerous, and in his failure to protect or warn the plaintiff in any way; (4) that there was no contributory negligence on the part of the plaintiff.

The defendant gave notice that it would disprove each one of these allegations. The trial court found that the defendant had failed to disprove its negligence as alleged. No

error of the court in reaching this conclusion is assigned. No claim is made that any of the acts of negligence alleged, except the leaving open of the car door and the violent starting of the train, is insufficient to support the judgment.

The only questions presented by the appeal relate to contributory negligence. The trial court has found that the defendant failed to prove that negligence of the plaintiff contributed to the injury caused by the negligence of the defendant. The only subordinate facts actually found by the court affecting the plaintiff's negligent conduct at the time of the injury alleged, are these : The plaintiff had spent a portion of the afternoon and most of the evening in saloons at South Norwalk ; shortly after taking his seat near the rear of the smoking-car, he fell asleep and remained asleep until the train reached the curve at Main Street; at this point he woke up, heard the call " Bridgeport next," and started toward the door to ascertain whether the train, which was slackening speed, had reached or was approaching the Bridgeport station ; when the train started ahead with the motion usually incident to the release of the brakes, the plaintiff was thrown through the door upon the platform, and thence to the ground, and was injured as alleged ; the plaintiff before starting toward the door, or while going toward the door, made no effort to ascertain whether the train had reached or was approaching the Bridgeport station ; he did not look through the window beside his seat to ascertain the whereabouts of the train.

It is plain that these facts do not necessarily and as matter of law establish negligent conduct contributing to the injuries caused by the defendant's negligence in leaving wholly unprotected, by gate or warning, the platform liable to be used by passengers while the train is in motion. In reaching its conclusion, the court applied to the facts found certain principles of law claimed by the defendant which were applicable to that state of facts. The claims of law overruled by the court, to which exception is taken in the appeal, amount substantially to the claim that the facts stated do necessarily and as matter of law constitute negligent conduct

which contributed to the injury caused by the defendant's negligence as alleged. This claim seems to us plainly untenable. Whether, under some circumstances, the conduct of the plaintiff as found was careless or not, it had no necessary relation, as a proximate contributing cause, to injuries actually caused by the negligence of the defendant in leaving the platform in a condition unsafe, and which passengers had no reason to anticipate.

Upon the trial the defendant offered evidence tending to prove different theories as to how the injuries might have been in fact inflicted. The court found that the theory that the plaintiff was not a passenger on the passenger train, but was a volunteer or trespasser upon another train, not a passenger train, which reached Bridgeport just before the passenger train, was not established by the evidence; that the theory that the plaintiff was, in fact, drunk, and received his injuries by reason of his drunken condition, was not established by the evidence; that the theory that "at the time of his injury the plaintiff was voluntarily leaving the train at a point near Eaton, Cole & Burnham's factory, in an attempt to get a short cut to his home," was not established by the evidence. No one of these findings is challenged as erroneous in law, in the reasons of appeal, except the last. It is claimed, at least inferentially in the reasons of appeal, that the fact that at the time of his injury the plaintiff was voluntarily leaving the train in an attempt to get a short cut to his home is a necessary legal inference from subordinate facts found by the court.

We think this claim is untenable. The facts found relative to the location of the tracks, the distance of the point of the accident from the station, and from the plaintiff's home, etc., all tend to make the inference claimed by the defendant a possible one; but to establish it as necessarily the only legal inference, it must appear that the plaintiff at this particular time did in fact voluntarily leave the train for this purpose. The circumstances found are not sufficiently conclusive to render a different inference drawn by the trier an error in law. No one who testified saw the

plaintiff board the train or saw him on the train, or saw him leave the train. The court recites in the finding certain evidence tending to show admissions by the plaintiff tending to support the defendant's inference, but the court finds that all the evidence offered failed to establish an admission by the plaintiff that he was injured in consequence of an attempt to alight from a train while it was in motion. The only direct evidence was the testimony of the plaintiff himself, and this was in direct contradiction of the defendant's inference. It is true that it appears from the finding that the plaintiff made an unfavorable impression as to his credibility such as to justify a reasonable claim that no fact should be found on his uncorroborated testimony. It is also true that in rare cases a witness may testify to a fact in such a manner that the court may be justified in finding a fact opposite to the one to which he has testified. But inferences drawn from the appearance and conduct of a witness can only be drawn by the trier, and are from their very nature impossible of review by this court.

The defendant's main reliance in this appeal is upon its motion to correct the finding by adding the material fact that " at the time of his injury the plaintiff was voluntarily leaving the train," etc. This correction cannot be made. The fact is certainly a material one, but does not appear from the record to have been an admitted or undisputed fact in the case ; on the contrary, it plainly appears to have been warmly disputed, and that the defendant, in submitting its request for a finding, submitted to the court a brief reviewing the evidence claimed to support this fact, and asked the court, in case it should be unable to find the fact, to find certain other facts material to a different view of the case.

The exclusion of the question asked the witness Fowler, for the purpose of fixing the date of a conversation between him and another witness relevant to the claim that the plaintiff was not upon the passenger train but was a volunteer or trespasser upon another train, furnishes no ground for a new trial. Its admission might have been proper, and its

exclusion, even if it could be regarded as strictly improper, was harmless.

The failure of the defendant to convince the trial court evidently arose mainly from the difficulties of the situation it accepted. It undertook to establish the ultimate fact of negligence through circumstances relevant, but not in themselves conclusive, by the aid of a single witness whose conduct on the stand impeached his testimony. By the default the defendant surrendered its vantage-ground, and relieved the plaintiff of the difficulties properly belonging to him and which, it would seem, should have rendered his success impossible.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.