Vinci *v.* O'Neill.

------

ANGELINA VINCI *vs.* SUSAN C. O'NEILL.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

In an action by a tenant to recover damages for personal injuries alleged to have been caused by the defective condition of a part of the premises, the question whether such part was included in the lease for the exclusive use of the tenant or whether it was reserved by the landlord within his control for the common use of all the tenants, is one of fact to be determined in the light of all the circumstances of the case.

Evidence admitted for a limited purpose can be used for no other.

For the limited purpose of showing that the defendant retained control of a veranda running across the rear of the third floor of her apartment house, and that it was reserved for the common use of the plaintiff and the occupant of another apartment upon the same floor, the trial court properly admitted evidence of repairs made by the defendant prior to the date when an upright

Vinci *v.* O'Neill.

post, situated at the end of the porch near the plaintiff's apartment, gave way and precipitated her to the ground while she was engaged in hanging clothes upon a reel attached thereto.

For the same purpose, the plaintiff offered, and the trial court excluded, evidence that the defendant had repaired the veranda after the accident and that in a conversation with the plaintiff's daughter before the accident, the defendant had promised "to take care of the veranda" as soon as the rent was paid. *Held* that the trial court erred.

The testimony of a police officer, offered by the defendant, that three years prior to the accident, but during the plaintiff's occupancy of the apartment, he had observed empty beer kegs piled upon the veranda and against the railing, was properly admitted by the trial court to show the use made by the plaintiff of that portion of the premises.

In commenting upon this testimony and upon the further evidence that the plaintiff caused these beer kegs, when full, to be hauled up from the ground by means of a rope over the railing and, when empty, to be thrown over the top of the railing to the ground, the trial court not only characterized this conduct as an "extraordinary and unjustifiable use of the premises," but also used language from which the jury might have understood that if the supports of the post had been thereby weakened, the defendant would be freed of liability. *Held* that while this use of the veranda by the plaintiff was, beyond question, so unjustifiable that the defendant could not be required to anticipate it, nevertheless, the trial court's charge was too favorable to the defendant since, in the absence of evidence that such use of the veranda did in fact weaken the supports of the post, it was not properly an issue in the case, and since, even though such evidence had been offered, it still might appear that the defendant's failure to exercise reasonable care to keep the premises reasonably safe, and not the plaintiff's conduct, was the proximate cause of the accident.

The fact that a landlord, in response to his tenant's request, or to avoid litigation, or for any other reason, makes repairs to portions of the premises that are not retained in his control for the common use of his tenants, is not an admission of liability on his part.

The trial court charged the jury that the repairs made at the plaintiff's request by the defendant to the veranda in the present case were "of small significance as a matter of law." *Held* that while this language might be considered as fair comment upon the evidence within the discretion of the trial court, the jury ought also to have been instructed that these repairs constituted one of the circumstances of the case bearing upon the

issue of the defendant's control of the veranda for the common use of the tenants.

If a charge as given is correct in law, adapted to the issues, and sufficient for the guidance of the jury, the failure to include specific instructions upon special features of the case will not, in the absence of requests so to charge, be held reversible error.

Evidence of a landlord's inspection of, or failure to inspect, the premises over which he retains control is admissible only as bearing upon the issue of his actual knowledge of their condition, since the legal duty, for breach of which he is liable, is not the duty to inspect, but the duty to use reasonable care to see that the premises are kept reasonably safe from defects which are, or should be, known to him.

Argued November 4th—decided December 23d, 1925.

ACTION by a tenant to recover damages for personal injuries, alleged to have been caused by the negligence of her landlord, brought to the Superior Court in New Haven County and tried to the jury before *Ells, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error, judgment set aside and new trial ordered.*

*Louis Feinmark,* with whom was *Louis Rubin,* for the appellant (plaintiff).

*Edward B. Reiley,* with whom was *Frank B. O'Neill,* for the appellee (defendant).

MALTBIE, J. The plaintiff, with her husband, occupied as tenant an apartment in a tenement house owned by the defendant, and the plaintiff brought this action to recover for personal injuries alleged to be due to the defendant's negligence in failing to keep a portion of the premises in repair. There were six apartments in the building, two upon each of its three floors, and the plaintiff occupied one of those upon the third floor. Her apartment, as well as the other upon that floor, opened at the rear upon a veranda which ran entirely across the building and was con-

nected with a similar veranda by a stairway used in common by the occupants of both the third floor tenements. This stairway had its landing upon the third floor veranda toward the end farther from the plaintiff's apartment. It was protected, except at its landing place, by a railing which left a passageway between the stairway and the wall of the building, by which the end of the veranda nearer to the plaintiff's apartment could be reached. Attached to the corner post of the veranda at that end was a clothes-reel, and the plaintiff claimed to have suffered her injuries by the giving way of this post while she was engaged in hanging clothes upon the reel, thus precipitating her to the ground.

One of the main issues in the controversy was as to the existence of any obligation resting upon the defendant to make such repairs as would have avoided the injury. The plaintiff alleged and offered evidence to prove that the stairways and verandas at the rear of the building were reserved by the defendant within her own control and were used in common by the tenants of the building. The defendant contended and offered evidence tending to show that the portion of the veranda in the rear of plaintiff's apartment and the clothes-reel attached to the post were intended for the exclusive use of the tenants of that apartment and were included in the lease to the plaintiff and her husband. As far as the claims of the parties as to facts proven show, the plaintiff and her husband were occupying under a tenancy from month to month. The post which fell no doubt stood in such relation to the veranda that, if the lease of the plaintiff's apartment included that portion of the veranda adjacent to it, the post would also be included. *Conahan* v. *Fisher*, 233 Mass. 234, 124 N. E. 13; *Lowell* v. *Strahan*, 145 Mass. 1, 12 N. E. 401; *Riddle* v. *Littlefield*, 53 N.

H. 503; *Hope Bros., Ltd.* v. *Cowan,* L. R. (1913) 2 Ch. Div. 312. Whether or not the part of the veranda in question was within the lease was a question of fact, to be determined in the light of the circumstances of the case, including the use made of it. *Brundrett* v. *Rosoff,* 92 Conn. 698, 701, 104 Atl. 67; *Phelan* v. *Fitzpatrick,* 188 Mass. 237, 74 N. E. 326; *Loucks* v. *Dolan,* 211 N. Y. 237, 105 N. E. 411; *Maslin* v. *Childs,* 146 App. Div. 174, 130 N. Y. Supp. 902. In support of her claim that the portion of the premises where the accident occurred was not included in the lease, but was intended to be left open for the common use of the tenants of the building, the plaintiff was permitted, over the defendant's objection, to question her as to repairs made by her to the floor of the veranda before the accident, the court stating that the evidence was admitted "for the sole purpose of throwing light, if any it has, on the question of whether Miss O'Neill exercised any control over the premises." The plaintiff's attorney took an exception to this limitation, apparently because he conceived that, if the evidence was admitted at all, it was in the case for all purposes; but of course he was wrong in that regard. *Fair Haven & W. R. Co.* v. *New Haven,* 77 Conn. 667, 674, 60 Atl. 651; *State* v. *Campbell,* 93 Conn. 3, 9, 104 Atl. 653; *Potts* v. *Buckley,* 97 Conn. 174, 181, 115 Atl. 726. At another stage in the presentation of plaintiff's case, the defendant objected to testimony by the plaintiff's daughter as to a conversation she had had with the defendant before the accident concerning a loose board somewhere about the veranda, in the course of which the defendant promised to "take care of the veranda" as soon as the rent was paid; the witness was stopped from proceeding with her recital of the conversation and, upon defendant's motion, the testimony she had given was stricken out. The evidence of this witness

was admissible for the same purpose as was that of the defendant before referred to. Plaintiff's counsel further sought to introduce evidence of repairs made by the defendant after the accident, both by calling her as his own witness and upon cross-examination when she was called in her own behalf, and his questions were excluded. For the limited purpose stated by the trial court, to prove that the landlord retained control of the porch, and not to show its defective condition, evidence of repairs made after the accident was admissible equally with that of repairs made before. *Perkins* v. *Rice,* 187 Mass. 28, 30, 72 N. E. 323; *Spooner* v. *Delaware, L. & W. R. Co.,* 115 N. Y. 22, 31, 21 N. E. 696; *Ferrasi* v. *Beaver Hill Coal Co.,* 54 Ore. 210, 102 Pac. 1016; 1 Wigmore, Evidence (2d Ed.) § 283; see *Baldwin* v. *Norwalk,* 96 Conn. 1, 8, 112 Atl. 660. It may be that, had full inquiry been permitted, the testimony excluded would have produced nothing of material weight; but that we cannot know, and the rulings of the court prevented the plaintiff from securing the benefit of evidence which might have been of substantial assistance to her.

In the course of the trial, the defendant produced a police officer as a witness and questioned him as to his having visited the premises some three years before the accident, but after the plaintiff and her husband had become tenants of the building, and as to his having seen empty beer kegs piled upon the veranda and against the railing. To this testimony the plaintiff objected on the ground that the matters it concerned were too remote in time and were immaterial. As these matters occurred during the occupancy of the premises by the plaintiff and served to show the use to which the veranda was being put, no error could be found in the ruling of the trial court. It further appeared in evidence that the plaintiff and her hus-

band caused these kegs, full, to be hauled up from the ground and over the railing by a rope resting upon it, and caused them, when empty, to be piled against the railing, and finally to be raised to the top of it and thrown thence to the ground. Such conduct, if the jury found it to have occurred, the trial court in its charge characterized as an "extraordinary and unjustifiable use of the premises," and went on to state that if it caused the weakened condition from which the injury resulted, "the rule which I have cited does not apply." Just what was intended by the word "rule" the charge does not make clear, and the jury might have understood from it that if the conduct of the plaintiff in connection with these kegs had weakened the supports of the post so as to bring about its fall, the defendant would have been freed of liability. Such conduct would be such an unjustifiable use of the railing that the defendant, without knowledge of it, would not, upon the facts claimed to have been proven, have been required to anticipate it, and this is so far beyond reasonable question that the trial judge was entitled to state it to the jury as a fact. *Glain* v. *Sparandeo*, 119 La. 339, 44 So. 120; *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 Atl. 358. But even if the jury found that there had been such an unjustifiable use of the veranda railing, it does not follow that the plaintiff could not recover. In the first place, the claims of the parties as to facts proven give no indication of any evidence or basis of reasonable inference that such a use of the railing did in fact weaken it or the post, and lacking that necessary link, the whole circumstance would be irrelevant to the issues in the case and ought not to have been submitted to the jury at all. Assuming that the railing was thereby weakened and so the post rendered more likely to fall, it still might have been that that con-

dition developed in such a way that the proximate cause of the accident was not the conduct of the plaintiff and her husband, but the failure of the defendant in her duty to exercise reasonable care to keep the premises reasonably safe. *Howard* v. *Redden,* 93 Conn. 604, 609, 107 Atl. 509; *Hoyt* v. *New York, N. H. & H. R. Co.,* 78 Conn. 709, 713, 63 Atl. 393. Broadly to deny defendant's liability if the jury found that the conduct of the plaintiff and her husband had weakened the post and its supports, was to give an instruction entirely too favorable to the defendant.

The plaintiff had offered evidence that there was in the roof over the portion of the veranda in question an opening which was designed to permit access to the roof and which had been used on at least one occasion for that purpose by the defendant's employees. The plaintiff had also offered evidence, as already noted, that the defendant had made repairs to that portion of the veranda, and the defendant had offered evidence that these repairs were made at the plaintiff's request, for the purpose of avoiding a lawsuit. With reference to this evidence, the court charged the jury as follows: "The fact that someone went through a trap door in the roof of the veranda, to attend to snow on the roof, is of small significance as a matter of law. This is true of the repairs made by the landlady. If this was not a common veranda, not under the control of the landlady in general, the mere fact that upon request she once repaired it is not an admission of liability on her part. She was a volunteer if such were the circumstances, and she had a right to endeavor to avoid injury or lawsuit, even though she would not be ultimately liable." The portion of this instruction which had to do with the opening in the roof of the veranda cannot be questioned. Obviously this opening was placed there for use in gaining access to the roof, which

was the common protection of the various tenants, and even though the portion of veranda beneath it had been expressly leased to the plaintiff and her husband, there would be an implied reservation to the defendant of a right of access to the opening; and any use of the veranda for that purpose would be attributable to that right, and not to any reservation of control over that portion of the veranda as a whole. So, too, as the trial court said in the latter part of the instruction quoted, if the portion of the veranda in question was not retained in the defendant's control for the common use of the tenants of the building, the making of repairs by her would not be an admission of liability upon her part. *Phelan* v. *Fitzpatrick*, 188 Mass. 237, 74 N. E. 326. All that remains open to criticism is a statement which, in substance, was that the evidence as to these repairs was "of small significance as a matter of law." In admitting the evidence the trial court, as before stated, had expressly ruled that it was allowed for the sole purpose of showing whether or not the defendant had exercised control over the veranda. The statement that the evidence was "of small significance as a matter of law" constituted merely a comment upon the weight of the evidence perhaps not beyond the fair discretion of the trial judge. *Hobbes' Appeal*, 73 Conn. 462, 468, 47 Atl. 678. It would have been better, however, had the trial court in the charge distinctly pointed out that the evidence of the making of repairs by the defendant, if proven, had its place in the case as tending to show control of the veranda by her, and so, that the portion of the premises where the accident occurred was not included in the lease to the plaintiff and her husband, but was rather intended for the common use of the tenants.

A number of the reasons of appeal allege error in the failure of the trial court to give certain instruc-

tions.  The plaintiff filed no requests to charge, and, in such a situation, it is peculiarly true that if the charge as given is correct in law, adapted to the issues, and sufficient for the guidance of the' jury, the failure to include specific instructions upon special features of the case will not be held reversible error.  *Water Commissioners* v. *Robbins,* 82 Conn. 623, 636, 74 Atl. 938; *Madison* v. *Guilford,* 85 Conn. 55, 62, 81 Atl. 1046. The charge before us is perhaps in some respects not couched in language technically accurate or exact, yet a fair reading of it fails to disclose any respect, other than those we have mentioned, in which it was insufficient as a practical guide to the jury in deciding the case.  *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.,* 102 Conn. 735, 740, 130 Atl. 102.  It is true that the trial court did not lay before the jury the issue of the defendant's responsibility for the condition of that portion of the premises where the accident occurred, as one involving the interpretation of the agreement of leasing existing between the parties, but rather, following the plaintiff's complaint, left it to them to say as a question of fact, whether or not, in view of the circumstances and the use to which it had been put, the portion of the veranda in question was reserved by the defendant for the common use of the tenants in the building, whether or not it remained in her control and possession.  Surely this was to leave the issue to the jury succinctly and clearly, if untechnically.

One ruling upon evidence remains for notice.  The plaintiff called the defendant and inquired of her whether or not at any time between 1907 and 1921 she had inspected the premises, and the court, on objection, excluded the question.  It is often said that a landlord is bound to exercise a reasonable supervision over the portions of apartment buildings, used

in common by the tenants, to see that they are in proper repair. The primary duty of the landlord is to use reasonable care to see that the premises are kept reasonably safe, and his liability can only arise out of a failure in that duty. *Reardon* v. *Shimelman,* 102 Conn. 383, 386, 128 Atl. 705. To give rise to it, however, it must appear that he either knew of a defect or was chargeable with notice of it, because, had he exercised a reasonable inspection of the premises, he would have known of it. *Reardon* v. *Shimelman, supra,* p. 389. In this sense only can it be truly said that the landlord is under a duty to inspect the premises, and a failure to inspect them cannot give rise in itself to a liability for injuries resulting from a defective condition. Evidence as to an inspection of the premises by him has its place in the case as bearing upon the issue of actual knowledge of their condition. As far as appears, the testimony here in question was not offered for any such purpose and it was properly excluded.

There is error, the judgment is set aside, and a new trial is ordered.

In this opinion the other judges concurred.