ELIZABETH CARRINGTON *vs.* ARTHUR BOBB.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 3d—decided April 7th, 1936.

*Yale Matzkin,* with whom was *George H. Lynch,* and, on the brief, *Lawrence J. Matzkin,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* with whom was *Theodore V. Meyer,* for the appellee (defendant).

BANKS, J. The plaintiff was a tenant in a three-family tenement house owned by the defendant. The front entrance to the house was by way of concrete steps leading to a concrete platform, thence across the platform and up wooden steps to the front verandah from which a door led to an interior hallway and a stairway leading to the separate apartments. The concrete steps, platform and wooden steps were under the exclusive control of the defendant. About eight o'clock at night the plaintiff, while stepping from the bottom wooden step to the concrete platform, fell down the concrete steps. She claimed that there had existed for some time in the topmost riser of the concrete steps a large crack or fissure two or three inches in width, and that in consequence the platform was in an unstable condition and rocked when stepped on; also that there were two stones in the platform which extended above the level of the concrete base and were in the path of a person descending the wooden steps to the platform. She claimed that as she was stepping from the wooden step to the concrete platform she stepped on something which seemed to give way, and as she attempted to regain her balance she stepped on the top step of the concrete steps which also seemed to give way, causing her to fall down the steps. She also claimed that there was no handrail leading from

the sidewalk to the second riser of the wooden steps, and that the verandah was not lighted at the time she fell. The plaintiff assigns error in the denial of her motion to set aside the verdict, in the charge of the court and the failure to charge as requested, and in a single ruling upon evidence.

The assignment of error based upon the denial of the plaintiff's motion to set the verdict aside was not pursued in brief or oral argument, and an examination of the record discloses that there was evidence from which the jury could reasonably have reached the conclusion that the approaches to defendant's building were in a reasonably safe condition, and that the defendant was not negligent in any of the respects claimed by the plaintiff.

The plaintiff requested the court to charge that the approach to defendant's house where the plaintiff fell was a "public hall" in a tenement house within the definition of such a hall in § 2562 of the General Statutes, that it was the defendant's duty to provide for the lighting of such hall at night, and that his failure to do so, if the proximate cause of the plaintiff's fall, would be actionable negligence. The court charged that there was no statutory duty on the part of the defendant to light the verandah, but that if there was a faulty condition existing there and the placing of a light there was reasonably necessary to protect the people using the place, the failure to have a light there would be negligence. Section 2566, in Chapter 143 of the General Statutes, provides that "the owner of each tenement house shall provide for the lighting of all public halls at night," and § 2562, in the same Chapter, defines the term "public hall" as used in this Chapter and in Chapter 144, known as the "Tenement House Act," as "a hall, corridor or passageway not within an apartment."

The concrete platform where the plaintiff fell was not a "public hall" within the statutory definition. It was a part of the outside steps furnishing an approach to the front verandah of the house. In attempting to ascertain the intention of the Legislature in the enactment of this definition we are not confined to the terms of the definition in § 2562. In §§ 2583 and 2584, included in the "Tenement House Act," we find provisions insuring the adequate lighting of public halls in tenement houses through windows, glazed doors or skylights. In *Delaney* v. *Shimelman,* 111 Conn. 22, 149 Atl. 139, we held that the statutory definition of a public hall did not include a common passageway in a cellar so as to make it the duty of the landlord to light it at night, and, referring to the lighting requirements of §§ 2583 and 2584, said (p. 26): "We think it manifest that the Legislature did not intend these provisions to apply to an open cellar, but they have the same application, no more nor less, than the provision for maintaining a light at night, and if they do not apply, neither does the latter requirement." It is even more apparent that such provisions are not applicable to the steps furnishing an approach to a tenement house which are entirely outside the house itself. It is obvious that in the legislation providing in Chapters 143 and 144 of the General Statutes for the adequate lighting of public halls in tenement houses, reference is had to halls, corridors or passageways within the house itself but not within an apartment in the house. The court did not err in charging that there was no statutory duty resting upon the defendant to light the spot where the plaintiff fell.

The portion of the charge in which reference is made to the evidence of the medical experts is unexceptionable and in any event, in view of the defendant's ver-

dict, could not have harmed the plaintiff. Other exceptions to the charge of the court, and to its claimed failure to adequately and fairly present the case to the jury, are without merit and do not require discussion.

The plaintiff offered to produce evidence that subsequent to her fall the defendant had made repairs to the premises which remedied the defects which it was claimed had caused her fall, and the court sustained the defendant's objection to its admission. It has long been the settled rule in this State that evidence of subsequent repairs is inadmissible to prove negligence or an admission of negligence at the time of the accident. *Nalley* v. *Hartford Carpet Co.*, 51 Conn. 524; *Waterbury* v. *Waterbury Traction Co.*, 74 Conn. 152, 167, 50 Atl. 3; *Donovan* v. *Connecticut Co.*, 84 Conn. 531, 537, 80 Atl. 779. This is in accordance with the overwhelming weight of authority elsewhere. 1 Wigmore, Evidence (2d Ed.) § 283; 45 C. J. 1232, § 791. Such evidence may be admissible for the purpose of proving that the defendant retained control of the portion of the premises where the accident occurred, when that question is in issue. *Vinci* v. *O'Neill*, 103 Conn. 647, 652, 131 Atl. 408. Here the question of control was not in issue, and the evidence was expressly offered by the plaintiff for the purpose of showing an admission by the defendant of the existence of a dangerous condition as alleged in the complaint. The evidence was inadmissible for this purpose and the ruling of the court was correct.

There is no error.

In this opinion the other judges concurred.