### FAY ROTHMAN
#### vs.
### BELLA R. SOLON

Superior Court        Hartford County        File #55147

Present:  Hon. NEWELL JENNINGS, Judge.

Harry B. Rosenblum;
Joseph M. Freedman,        Attorneys for the Plaintiff.

Day, Berry & Howard,        Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 23, 1937.

JENNINGS, J. The plaintiff fell on the steps leading to the porch of a three-family house. For two years she had lived as a tenant on the first floor. The complaint is in two counts. The first count alleges a neglect to provide a light under the tenement house act. **General Statutes §2566. Carrington vs. Bobb, 121 Conn. 258, 261,** discusses the application of this provision to a three-family house and says, among other things, "It is even more apparent that such provisions are not applicable to the steps furnishing an approach to a tenement house which are entirely outside the house itself." It follows that no statutory duty to light the front steps existed and that the plaintiff cannot prevail on the first count.

The second count sets up the common law duty of the defendant to keep this admittedly common stairway in a reasonably safe condition and alleges a violation of that duty as to repairs and lighting. The plaintiff did not sustain her burden of proof on either head. The evidence as to lack of repair was inconclusive and furthermore, even if it existed, it was not a substantial factor in producing the injury. As to light, one was provided controlled from plaintiff's apartment. This would not help the landlord as to an injury to a second floor tenant but is a factor to be considered on the question of the due care of a first floor tenant. There was a street light nearby which threw some light on the steps. There was no evidence that lack of light was a substantial factor in causing the plaintiff's injuries.

It is unfortunate that the plaintiff turned her ankle and was injured but for the reasons stated the landlord should not be held responsible.

Judgment for the defendant.