BENEDICT DeGAETANI
vs.
ESTATE OF MAUDE C. VOUGHT DeGAETANI
(Appeal from Probate)

Superior Court　　　　Fairfield County　　　　File #51377

Present:　Hon. JOHN A. CORNELL, Judge.

Williamson, Willis,
　Lister & Foster,　　　　Attorneys for the Appellant.

Marsh, Stoddard & Day;
Durey, Pierson & Comley,　　Attorneys for the Appellee.

MEMORANDUM FILED MAY 24, 1937.

CORNELL, J.　The objections to the granting of the motion are in the form of an attack upon the efficacy or sufficiency of the matter contained in the proposed amendment to show that plaintiff is aggrieved.　If this be so, it is a consideration not to be given decisive effect on a motion of the instant character.　**Smith vs. Furness, 117 Conn. 97, 99, 100.**

However, an appeal from probate is not a civil action, within the concept of statutes and rules of court dealing with the latter.　**Slattery vs. Woodin, 90 Conn. 50, 51.**　And so the rules which regulate pleadings in civil actions do not apply to them.　**Read vs. Read, Ex'r. 80 Conn. 406, 407; St. Leger's Appeal, 34 Conn. 434, 447, 448,** except by analogy.　**St. Leger's Appeal, supra.**

The only office performed by reasons of appeal in such

a proceeding is to give notice to the appe'lee of the grounds of objection to the decree appealed from. **St. Leger's Appeal, supra.** When filed they act as a limitation in respect to the evidence which may be received, so that wh'le the Superior Court sits as a probate court in hearing the cause, its function of receiving any evidence which the probate court might properly entertain is restricted to matters within the scope of the reasons of appeal. **Vivian's Appeal, 74 Conn. 259, 260; Fair Haven & W. R. Co. vs New Haven, 77 Conn. 673, 674.**

These considerations require that the motion be granted. It is with the proviso that the amendment be filed within ten days from the date hereof.