MELBA SHEGDA *v.* THE HARTFORD-CONNECTICUT TRUST COMANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 8—decided July 13, 1944.

*James W. Carpenter,* for the appellant (defendant).

*Morton E. Cole,* with whom, on the brief, was *Cyril Cole,* for the appellee (plaintiff).

MALTBIE, C. J.   The defendant owned a two-family house which was divided vertically into two separate units or tenements.   One of these was occupied by the plaintiff's mother under a month-to-month lease. Within the tenement was a flight of stairs leading to the second floor.   While the plaintiff was descending the stairs, one of the treads broke, owing to its defective condition, causing her to fall and receive the injuries to recover for which she brought this action. The jury returned a verdict in her favor.   The defendant has appealed from the denial of its motion to set the verdict aside, and also from the judgment.

The ground of claimed recovery most stressed by the plaintiff is that the defendant had reserved control of the premises for the purpose of making repairs and that it was, therefore, obligated reasonably to inspect them and to use reasonable care to remedy any defects which might endanger the safety of the tenants. The only evidence of such a reservation of control is to the effect that on two occasions, when rent was paid, the attention of employees of the defendant was called to the defective condition of the stairs and promises were made that they would be repaired, and that the defendant did in fact make repairs to the stairway and to certain other portions of the premises after the accident. We have held evidence of this nature to be admissible in an action against the owner of premises for personal injuries suffered by a defective condition in them as relevant to the issue whether he had retained control of the portion where the defect was located. *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 131 Atl. 408; *Farguet* v. *DeSenti,* 110 Conn. 367, 371, 148 Atl. 139; *Killian* v. *Logan,* 115 Conn. 437, 439, 162 Atl. 30; *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 580, 173 Atl. 237; *Staples* v. *Bernabucci,* 119 Conn. 443, 450, 177 Atl. 380. In all these cases the portion of the premises in question was not necessarily an integral part of the leasehold, but the question at issue was whether or not it was in fact a part of it. Even when such evidence is admissible for the purpose of showing control, it is subject to many of the same weaknesses which have led to the generally accepted rule that subsequent repairs are not admissible as evidence of prior negligence. *Carrington* v. *Bobb,* 121 Conn. 258, 262, 184 Atl. 591; 2 Wigmore, Evidence (3d Ed.), § 283.

The instant case presents a very different situation from that before us in the cases above cited, for the stairway in question was entirely within and an in-

tegral part of the leased premises. "Ordinarily a land-owner, at least where he has made no agreement to repair, is not liable for injuries due to defective conditions arising upon the leased premises during the tenancy; he has surrendered possession and control of them to the tenant and has no right to enter to abate the conditions; and it is the tenant who is liable for injury arising from them." *Hahn* v. *Musante, Berman & Steinberg & Co., Inc.*, 130 Conn. 441, 445, 35 Atl. (2d) 201. We have held that a landlord may, with the acquiescence of the tenant, so retain control over portions of the premises within a tenement that he will be responsible for their proper care; *Fogarty* v. *M. J. Beuchler & Son, Inc.*, 124 Conn. 325, 332, 199 Atl. 550; and see *Williams* v. *Milner Hotels Co.*, 130 Conn. 507, 36 Atl. (2d) 20; but the reservation of dominion over such parts of leased premises as the stairway here in question certainly would not accord well with the ordinary incidents of the estate which the tenant acquires under his lease. *Perkel* v. *Grayson*, 119 Conn. 465, 468, 177 Atl. 534; *Webel* v. *Yale University*, 125 Conn. 515, 518, 7 Atl. (2d) 215. We have recently held that the making of repairs within a tenement does not furnish a basis for the implication of a covenant to repair; *Palimas* v. *Aress Realty Co.*, 130 Conn. 687, 37 Atl. (2d) 243; and we said (p. 692) that the basic ground for that conclusion is that "the facts are open to too many explanations to justify an inference of the recognition" of such a covenant. If it were to be implied, the landlord would be under no duty to make repairs unless he had actual notice of the need of them. *Rumberg* v. *Cutler*, 86 Conn. 8, 10, 84 Atl. 107; *Miller* v. *Mutual Mortgage Co.*, 112 Conn. 303, 306, 152 Atl. 154; *Chipman* v. *National Savings Bank*, 128 Conn. 493, 498, 23 Atl. (2d) 922. The plaintiff in this case seeks to attribute to the making

of repairs a greater effect than we held could be done in *Palimas* v. *Aress Realty Co.*, supra; such control as the plaintiff claims the defendant retained in this case would necessarily imply a right to reasonable inspection, for the defendant would be chargeable with defects the existence of which such an inspection would have discovered; *Fogarty* v. *M. J. Beuchler & Son, Inc.*, supra, 328; and this would give the landlord a right to enter at any reasonable time for that purpose. A promise by the landlord, unsupported by any consideration, that he would make certain repairs within a tenement or the fact that he has made them might serve to corroborate other evidence indicating a reservation of a right of control; *Dean* v. *Hershowitz,* 119 Conn. 398, 415, 177 Atl. 262; but in itself testimony of this kind is open to too many explanations other than an assumption of control and is too much outweighed by the implications growing out of the nature of the estate created by the leasing to afford a basis upon which to find a reservation of such control over a stairway wholly within the tenement as to impose upon the landlord an obligation to make repairs. *McLean* v. *Fiske Wharf & Warehouse Co.*, 158 Mass. 472, 474, 33 N. E. 499; *Phelan* v. *Fitzpatrick,* 188 Mass. 237, 239, 74 N. E. 326. The verdict could not be supported upon the ground that there was evidence to show that the defendant had such control of the stairway that it was liable for a failure to remedy the defect.

The plaintiff also claims a right to recover upon the ground that at the beginning of the tenancy the defect in the stairway was such that the defendant, as landlord, was bound to give warning of it. See *Gallagher* v. *Button,* 73 Conn. 172, 176, 46 Atl. 819; *Miner* v. *McNamara,* 81 Conn. 690, 694, 72 Atl. 138; *Valin* v. *Jewell,* 88 Conn. 151, 156, 90 Atl. 36. There was no

evidence that the defendant or any of its employees knew at or before the time of the original leasing that the step was defective. There was testimony by an expert witness, called by the plaintiff, who examined the stairway after the accident, that there was an old crack running lengthwise of the tread which broke and that a reasonable inspection of this condition made before the leasing would have disclosed the dry rot which, the witness said, caused the tread to break. The husband of the plaintiff, who went with her to live at the house when her mother first rented it, testified that he had noticed the crack at that time, as well as the fact that the tread would give slightly when walked over, although he did not then consider it dangerous.

In order that a tenant may hold a landlord liable for injuries due to a defect existing in the premises at the time of the leasing, it must appear that the former did not himself know of it or would not have discovered it by a reasonable inspection. *Gallagher* v. *Button,* supra; *Doyle* v. *Union Pacific Ry. Co.,* 147 U. S. 413, 424, 13 Sup. Ct. 333; *Booth* v. *Merriam,* 155 Mass. 521, 523, 30 N. E. 85; 1 Tiffany, Landlord & Tenant, p. 562. Clearly here the existence of the crack could as readily be observed by the tenant as by the landlord, and, if its existence imposed a duty to investigate further to see if the tread of the stairway had been rendered weak by dry rot, that duty rested just as much on the tenant as on the defendant. That being so, there was no such defect at the time of the leasing as would make the defendant liable. The case for the defendant is summed up in *Shackford* v. *Coffin,* 95 Me. 69, 71, 49 Atl. 57, where, in holding the landlord not liable for a defective condition, the court said: "Plaintiff was injured by a defective stairway to a

tenement leased by defendant to plaintiff. Whatever the defect was, whether from rotting of the timber or planking or otherwise, there is no evidence that the defendant knew of its existence. In such case the rule caveat emptor applies. The plaintiff had as much knowledge in regard to it as the defendant. All that was visible or known to the defendant or his agent was visible to the plaintiff."

The trial court was in error in denying the motion to set the verdict aside. There is no need to consider the appeal from the judgment.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.