## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

MARY E. DALTON *vs.* RICHARD GIBSON.
MATTHEW J. DALTON *vs.* SAME.

Suffolk.    January 19, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Landlord and Tenant.    Evidence.*

The servant of a lessee of a part of a building who is injured on the leased premises owing to a want of repairs has no greater rights against the lessor than the lessee himself.

Where one takes a lease of certain rooms in a building, covenanting that he will keep the premises in such repair, order and condition as they are in at the commencement of the term or may be put in during its continuance, and the premises are in good condition when he takes the lease, if afterwards he is injured by the plastering of the ceiling falling upon him owing to a leak in a flat roof not included in the premises let to him, he cannot recover from the landlord for his injuries, as it is his own duty to repair the ceiling and the landlord owes him no duty to repair the roof; and the same is true if the person injured is the servant of the tenant who as against the landlord has no greater rights than his employer.

If a landlord makes repairs at the request of a tenant this is not an admission of his liability or obligation to make the repairs.

TWO ACTIONS OF TORT, the first to recover damages for personal injuries sustained by the plaintiff while at work in the store numbered 28 on Eliot Street in Boston, and the second by

the husband of the plaintiff in the first case to recover for the loss of her services and for expenditures for medicine, medical attendance and nursing occasioned by the injuries. Writs dated December 19, 1902.

The cases were tried together before *White*, J. The plaintiff in the first case introduced evidence tending to prove the following facts:

The store in question was situated on Eliot Street in the city of Boston and numbered 28 on that street. It was part of a five story building and was leased by the defendant Gibson to one Hammond. The store was adapted for and used as a restaurant by Hammond. It comprised the whole of the first or ground floor excepting a small portion, which was partitioned off from the remainder and constituted a hallway and entrance to the upper floors of the building; this entrance was numbered 30. The restaurant had no connection with the other parts of the building. The remainder of the building above the first or street floor was used as a dwelling house, and was occupied by tenants other than Hammond.

The restaurant consisted of a dining room fronting upon the street with a kitchen in the rear. A portion of the kitchen adjacent to the easterly side wall of the building was covered with a composition roof which measured eight feet by twelve; upon this roof a number of boards were laid and a clothes shed was constructed, used by the occupants of the dwelling house for drying clothes. This shed was uncovered, and above it was a light and air space extending to the roof of the main building. The roof covering the kitchen was not a part of the premises leased by Hammond and never was used by him. The only means of access to it was through the remaining portion of the premises not leased to Hammond by means of the entrance numbered 30.

On May 26, 1902, the plaintiff, Mary E. Dalton, entered the employ of Hammond as a cook, and on that day began work at about eight o'clock A. M., and at about five o'clock P. M. on the same day while she was engaged in the performance of her duties as such employee and in the exercise of due care she was struck by a large piece of plaster which fell from the ceiling of the kitchen, and received the injuries complained of.

The plaintiff also offered evidence tending to prove that within a month or two before the accident Hammond noticed a leak in the kitchen ceiling at the point from which the plaster subsequently fell and struck the plaintiff; that the water came through the ceiling at this point and fell upon the floor of the kitchen; that the place from which the plaster fell was directly under the composition roof at the point where it joined the side wall of the building and directly above the spot where the plaintiff was standing when she was injured; that shortly after the leak was discovered Hammond made complaint to the agent of the defendant requesting that the roof be repaired; that in about a month thereafter the defendant sent his men there to repair the roof; that these men went upon the roof and worked there; that within a short time thereafter during a rain storm the rain again came through the roof and ceiling at the same place, that is, the place where the plaster fell.

The defendant introduced in evidence a lease of the store numbered 28 Eliot Street from the defendant to Hammond, which contained the following covenants on the part of Hammond:

"Will keep all and singular the said premises, in such repair, order and condition as the same are in at the commencement of said term, or may be put in during the continuance thereof

"And at the expiration of said term will remove his goods and effects, and those of all persons claiming under him, and will peaceably yield up to the lessor the said premises, and all erections and additions made to or upon the same, in good repair, order and condition in all respects, damage by fire or other unavoidable casualty excepted; and will hold the lessor harmless and indemnified against any injury, loss or damage to any person or property on said premises

"And the lessor or his agents may during the said term, at seasonable times enter to view the said premises. . . .

"And may make repairs and alterations if he should elect so to do."

The defendant also introduced evidence tending to prove that the premises were in good condition on the date when the lease was made by the defendant to Hammond.

At the close of the evidence, the judge ruled that the plaintiffs were not entitled to recover, and ordered verdicts for the defend-

ant. The plaintiffs alleged exceptions. It was agreed that if the rulings and orders of the judge were right, judgment might be entered upon the verdicts; and, if wrong, judgment might be entered for the plaintiff in the first case in the sum of $900, and for the plaintiff in the second case in the sum of $200.

*James J. McCarthy,* (*W. J. O'Donnell* with him,) for the plaintiffs.

*J. Lowell & J. A. Lowell,* for the defendant.

HAMMOND, J. These were two actions of tort, the first to recover damages for personal injuries received as hereinafter described, and the second by the husband of the first named plaintiff to recover for loss of service, and for expenses incurred for medical attendance and nursing, of his wife. Since the right of the husband to recover must stand or fall with that of his wife, the discussion will be confined to her case, and the term "plaintiff" will be understood as applying simply to her.

The plaintiff, while at work as a servant in the employ of one Hammond, in a kitchen which was a part of premises let to him by the defendant, was injured by the fall of plastering from the ceiling. The building of which the premises hired by Hammond were a part was owned entirely by the defendant. This part was upon the ground floor, and consisted of a dining room fronting on the street, with a kitchen in the rear. A portion of the kitchen adjacent to the easterly wall of the building was covered with a composition roof which measured eight feet by twelve feet. Upon this roof a number of boards were laid and a clothes shed constructed, which was used by the other tenants of the building for drying clothes. This shed was uncovered, and above it was a light and air space extending to the roof of the main building. The shed and roof covering the kitchen were not a part of the premises let to Hammond and were never used by him; and the only means of access to the roof was through a part of the building not let to him.

The lease under which Hammond held provided that he would "keep all and singular the said premises, in such repair, order and condition as the same are in at the commencement of said term, or may be put in during the continuance thereof." The

defendant introduced evidence tending to prove that the premises were in good condition at the time of the letting.

The plaintiff, being in the employ of Hammond, can have no greater rights under the circumstances disclosed in this case than he had. *Roche* v. *Sawyer*, 176 Mass. 71. *Jordan* v. *Sullivan*, 181 Mass. 348. *Phelan* v. *Fitzpatrick*, 188 Mass. 237. By the terms of the lease Hammond was under an obligation to keep in repair the ceiling, since it was a part of the kitchen; and the defendant owed to him no duty to repair the roof. The work done by the defendant is not shown to have been done in pursuance of any agreement to repair, and is not to be regarded as an admission of his liability or obligation to repair. *Phelan* v. *Fitzpatrick, ubi supra.* It follows that the ruling of the trial court was right.

*Exceptions overruled.*