(90 Misc. Rep. 382)

## TAUBER v. ROCHELSKY et al.

(Supreme Court, Appellate Term, First Department.   May 13, 1915.)

1. LANDLORD AND TENANT ⊚�longdash⟩167—DEFECT IN PREMISES—LANDLORD'S LIABIL-
ITY—NOTICE.

Upon injury to the guest of a tenant in a tenement house, the roof of
which was under the landlord's control, by plaster falling because of de-
fects in the roof, the landlord, if shown to have had notice of such defect,
would be liable.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
668–674, 676–679; Dec. Dig. ⊚�longdash⟩167.]

2. LANDLORD AND TENANT ⊚�longdash⟩169—ACTIONS FOR INJURIES—SUFFICIENCY OF
EVIDENCE—DEFECT IN ROOF.

Evidence as to the existence of defects in the roof *held* insufficient to
sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–
646, 664–667, 681–684; Dec. Dig. ⊚�longdash⟩169.]

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

Action by Rudolph Tauber against Philip Rochelsky and others.
Judgment for plaintiff, and defendants appeal.   Reversed, and new
trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLE-
TON, JJ.

David P. Goldstein, of Brooklyn, for appellants.
Nathaniel Levy, of New York City, for respondent.

GUY, J.   Action to recover damages for personal injuries alleged
to have been sustained by the plaintiff while a guest of one Goldman,
defendants' tenant on top floor of premises leased by defendants.   The
plaintiff testified that while sitting at the dining-room table in the Gold-
man apartment a large quantity of plaster from the ceiling fell on top
of his head, causing the injuries complained of; and it was claimed
that the plaster fell because of the existence of defects in the roof, of
which the defendants had notice, which allowed the rain to come
through the ceiling of the demised premises.

[1] It appears that the house in question was a tenement house, the
roof of which was under the control of the defendants, the landlords;
so that, if the accident was caused by a defect in the roof of which the
landlords had notice, they would be liable to respond for damages to
the guest of their tenant.   Frank v. Simon, 109 App. Div. 38, 95 N.
Y. Supp. 666.

[2] As to the existence of defects in the roof causing the injury,
the plaintiff's evidence was unsatisfactory.   Goldman, the tenant, tes-
tified that about five days before the accident he told the defendant
Rochelsky to fix the roof so that the rain should not come into the
house; that the witness was afraid the ceiling would kill somebody,
and told Rochelsky he should fix the roof; that the water came in
when it rained; that he took a dish and put it down when it was
raining; and that Rochelsky and his wife used to come in and sweep

⊚�longdash⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the water off the floor. No other witness gave testimony tending to show any defect in the roof.

It was testified on behalf of the defendants that no plaster fell from the ceiling; that the plaintiff was struck by some plaster which fell from the wall between the top of the door and the ceiling; that rain did not leak into the room; that defendants were not notified of any such leaking; and one Albert, a roofer, swore that about eight months before the accident he put a new roof over the entire building, which roof consisted of tin, paper, and tar, and it was impossible for rain to leak through the roof.

Doubtless it is permissible to infer that, if rain came through the ceiling of Goldman's flat, it was because the roof was in a defective condition, and that the rain caused the plaster on the ceiling to become loose and fall. But apart from such inference there is no evidence of any defect in the roof, or that such defect caused the plaster from the ceiling to fall and strike the plaintiff, and as against the positive testimony given by the roofer this inference is not sufficient to support the judgment; for if the defect was one in the ceiling itself, and having no connection with the roof, the defendants would not be liable. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962.

In the Frank Case, supra, the plaintiff proved that the roof was in a very bad condition, and the court said (page 41 of 109 App. Div., page 668 of 95 N. Y. Supp.):

"The jury would have been warranted in finding that the only defect in the ceiling was caused by the water which came through the roof; that the ceiling would not have fallen but for the neglect of the landlord to repair the roof; that the roof was in such a bad state of repair that water came through on the occasion of every rainstorm; that the defendant had actual as well as constructive notice of these facts, and had notice of the dangerous condition of the ceiling caused by the roof a sufficient time before the accident to have enabled her in the exercise of reasonable care to repair the roof. Negligence on the part of the defendant could fairly be inferred from this evidence."

See, also, Lichtig v. Poundt, 23 Misc. Rep. 632, 52 N. Y. Supp. 136.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.