JOSEPH DUBONOWSKI, PLAINTIFF-APPELLANT, v. HOWARD SAVINGS INSTITUTION, DEFENDANT-RESPONDENT.

Argued October 19, 1939—Decided April 18, 1940.

For the plaintiff-appellant, *David Roskein* (*Harry Cohn,* of counsel).

For the defendant-respondent, *Reginald V. Spell* (*Wilbur A. Stevens,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This is the appeal of the plaintiff below from a judgment of the Supreme Court, where was affirmed

a judgment of the Essex County Circuit Court in favor of the defendant.

The situation was this:

The plaintiff occupied as a tenant the second floor flat of a two-family house owned by the defendant company. Access to the flat was gained by a flight of stairs leading from the first floor to a second floor hallway, and thence across such hallway, a distance of about three feet, to the doorway of the kitchen of the plaintiff's flat. This stairway was the only way by which access to or egress from the flat could be had. On the night of the accident, the plaintiff, for the purpose of obtaining some wood and coal from the cellar of the premises, left his flat through the kitchen door, crossed the hallway and began to descend the stairway leading to the first floor, and while so doing tripped over a nail protruding from one of the steps of the staircase and as a result he fell down the entire length of the staircase, receiving severe injuries for which this suit was brought. The evidence tended to show that the stairway in question had been in a bad state of repair for a considerable period of time prior to the accident and that the landlord had notice of the condition and had indeed promised to make repairs. Likewise the testimony established that following the accident repairs were made by the landlord to the stairway and steps in question, which repairs consisted, among other things, of the replacement of certain boards and re-nailing of the entire length of the stairs. At the conclusion of plaintiff's case the trial court granted the defendant's motion for a nonsuit upon the contention of the defendant that there was no proof whatsoever that the stairway in question was reserved in the possession of the landlord, and furthermore that the subsequent repairs made by the landlord constituted no evidence that the stairway in question was reserved by the landlord in its possession.

The Supreme Court sustained the nonsuit upon the theory that there was no evidence of control on the part of the landlord.

Now we are constrained to think that was erroneous because a jury question was presented in view of the evidence of subsequent repairs made by the landlord to the stairway in ques-

tion. There was uncontroverted evidence on the part of several witnesses for the plaintiff, that following the accident in question, the landlord caused repairs to be made to the stairway and stairs thereof. That evidence should have been submitted to the jury, not as evidence of negligence, but as bearing upon the question for determination as to whether or not that act showed the retention of control and possession of the stairway in the landlord. *Perry* v. *Levy,* 87 *N. J. L.* 670, and *Taylor* v. *Majestic Building and Loan Association,* 14 *N. J. Mis. R.* 699, where the true rule is stated.

A situation almost identical with the facts in the case at bar was presented in the Taylor case, *supra.* There, the plaintiff occupied a basement apartment in the defendant's apartment building. In order to obtain access to the apartment it was necessary to descend a stairway leading from the sidewalk, which stairway was the only entrance and exit to and from the apartment. The testimony indicated that some of the steps in this stairway were out of repair and by reason thereof the plaintiff sustained an injury. The plaintiff's action was based solely upon the proposition that this stairway remained in the control of the landlord. There, too, the defendant-landlord relied solely upon the proposition that the stairway in question was a part of the demised premises and did not constitute a passageway reserved for the common use of all the tenants, and that accordingly it was not liable for an accident occurring by reason of the stairway's disrepair. Plaintiff introduced testimony indicating, first, that notice of disrepair had been given to the superintendent of the building, and, secondly, following the accident the landlord had made repairs. The Supreme Court considered only the question (that being an appeal from the District Court sitting without a jury) whether there was any evidence to support the trial court's finding that the landlord had "retained control and possession of the stairway in question," and decided this issue in the affirmative; and that the making of repairs by the landlord to the stairway in question, subsequent to the accident, played an important role in the determination of the court. It was there held:

"Evidence was adduced to show that repairs to this stair-

way were made subsequent to the accident. This, though not evidence of negligence, since it may be the action of a prudent man in taking steps to prevent the recurrence of an event he had no reason to foresee in the first instance, does tend to show that control and possession of the premises remained in the landlord. *Perry* v. *Levy,* 87 *N. J. L.* 670; 94 *Atl. Rep.* 569. It does, moreover, tend to show that the stairway was not a part of the leased premises for apparently the landlord was not deprived of its right of entry to make the repairs. Its right of entry and control over the damaged premises rendered it liable for injuries caused by the defect." (Citing cases.)

Such being the correct rule it was error for the trial judge to infer from the testimony, as it stood at the time the motion for nonsuit was made, that there was no proof whatsoever that the stairway was reserved in the possession of the landlord. Of course on a motion for nonsuit all of the testimony adduced by the plaintiff and every legitimate inference which may be drawn therefrom, must be considered in the light most favorable to the plaintiff's claim; and that rule required the submission of this vital question to the jury for determination. It was not the province of the trial court to infer that because the plaintiff requested that the repairs be made, that the landlord had undertaken to make them solely because of this request and not out of a realization of responsibility. So to do he would be drawing an inference of an unfavorable nature against the plaintiff, whereas, the true rule requires that on such a motion the court adopt the most favorable inference.

The appellant landlord now contends that the nonsuit was justified by reason of contributory negligence of the plaintiff.

We think not. The evidence tends to show that the plaintiff's injury was caused by tripping over a protruding nail in a stairway, and not by alleged defective lighting; and the rule is that unless it is established by the evidence beyond fair debate that the plaintiff was negligent and that the negligence directly contributed to the injury complained of, a motion for a nonsuit upon the ground of contributory negligence will be denied. *Clayton* v. *Dallaster,* 118 *N. J. L.* 568.

The judgment below will be reversed, and a new trial awarded, costs to abide the event.

*For affirmance*—WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 4.

*For reversal*—TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, DEAR, JJ. 7.