ALICE SCHWARTZ, PLAINTIFF-RESPONDENT, v. FEDERAL DEPOSIT INSURANCE CORPORATION, DEFENDANT-APPELLANT.

Argued October 23, 1941—Decided January 9, 1942.

For the defendant-appellant, *Carey & Lane* (*Harry Lane* and *David A. Pindar*).

For the plaintiff-respondent, *Nathan Baker*.

The opinion of the court was delivered by

BODINE, J. The plaintiff on January 21st, 1940, called on the Elkin family, who leased from the defendant premises at 367 Woodlawn Avenue, Jersey City. The premises in question were the second story portion of a two-family house. It was reached through a separate street door. The staircase rose between two walls and turned towards the top. At this point, the treads varied from full width at one side to zero on the other. At night the stairs were lighted by an electric light. The chain pull had become defective so that when Miss Schwartz was leaving it was impossible to light the fixture for her benefit. She fell and sustained injuries for which she recovered damages.

The proofs clearly indicate that the landlord had not retained control over the staircase in question. Admission to the Elkin's apartment could be obtained only by their response to a summons by a bell.

In this state, the rule has been settled that the landlord is under no common law duty to make repairs to or maintain leased premises in good order. *Heintz* v. *Bentley,* 34 *N. J. Eq.* 562; *Naumberg* v. *Young,* 44 *N. J. L.* 331; *Muller* v. *Rainear,* 45 *Id.* 520; *Lyon* v. *Buerman,* 70 *Id.* 620.

Further, it has been settled that a breach of a contract to make repairs does not inure to the benefit of a member of the tenant's household where injury resulted from a defective condition. *Eberle* v. *Productive Building and Loan Association,* 119 *N. J. L.* 393. Much less so to a visitor to a member of the tenant's family.

We do not read *Taylor* v. *Majestic Building and Loan,* 14 *N. J. Mis. R.* 699, and *Dubonowski* v. *Howard Savings Institute,* 124 *N. J. L.* 368, as imposing liability, except as in

tenement house cases or like situations, where the landlord has retained to himself control of the approaches, halls and stairways for the common use of occupants and those having lawful occasion to be there. In such instance, the assumption of the duty requires the exercise of due care. So also in instances where the landlord negligently performs a task assumed by him in the repair of the demised premises. *Barthelmess* v. *Bergamo*, 103 *Id*. 397.

In the present case, the proofs indicated at the close of the plaintiff's case that the repairs to the fixture were made after the defendant had been notified of the need of repair. But it is most significant that the proofs also show that the repairman gained admittance only after the tenant's son had admitted him to the house for that purpose. The fact that repairs were made in this case is not significant as to the control by the landlord, and moreover was not evidence of negligence. *Dubonowski* v. *Howard Savings Institute, supra.*

The judgment will be reversed, with costs.

*For affirmance*—PERSKIE, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, HEHER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 11.