BENJAMIN SELIGMAN V. ETTA SIMON, SADIE GOLDBERGER and ISADORE GOLDBERGER.

*(August* 15, 1951.)

CAREY, J., sitting.

*Abraham Hoffman* (of Hoffman and Hoffman) for Plaintiff.

*William H. Bennethum* (of Morford, Bennethum, Marvel and Cooch) for defendant Simon.

No appearance for defendants Goldberger.

Superior Court for New Castle County, No. 835, Civil Action, 1950.

CAREY, Judge.

The question raised by defendants' motion is whether the complaint sets forth circumstances justifying a finding that the landlord violated any duty she owed the plaintiff. We are not herein concerned with any possible liability of the tenants.

It is not argued that the terms of the lease concerning repairs have any material effect upon the landlord's duties and responsibilities so far as this case is concerned. The plaintiff's brief suggests two possible theories of liability. Urging that the entire ceiling is a matter of construction rather than repair, he argues that (1) a dangerous condition existed at the time of the renting, and (2) the ceiling was a part of the building under the control of the landlord, the maintenance of which was essential to the safe use of the leased premises. In support of the first theory, he cites 32 *Am. Jur.* 699, *Sec.* 822 and 52 *C. J. S., Landlord and Tenant,* § 431b, p. 107, to the general effect that the landlord is ordinarily liable for negligent construction of premises and one who demises a building in a dangerous and defective condition may be liable to a stranger injured thereby. In support of the second theory, he cites 32 *Am. Jur.* 654, *Sec.* 768, and 2 *Restatement of Torts* 980, *Sec.* 361, to the general effect that the landlord is responsible for injuries caused by his failure to keep in repair those parts of a building which are retained under his control, or used in common by his tenants.

I have no fault to find with the principles of law laid down in the cited authorities, subject to the exceptions and limitations elsewhere found in those same texts. The difficulty here lies in the absence of any pleaded facts to justify the application of either of the foregoing theories to the present action.

In the first place, there is nothing to show that the ceiling was faultily constructed or was in a defective condition at the time of the letting. The complaint contains no posi-

tive averment of either charge. To infer negligent construction or defective condition at the time of renting from the mere fact of the falling would clearly be improper, for it is common knowledge that such a fall can be the result of other causes. To infer one or the other from the length of time which elapsed between the renting and the accident (i. e. about 4 months) would likewise be improper, because many things could have happened in that period to weaken or loosen the materials.

In the second place, there is nothing in the complaint directly or indirectly charging that the landlord knew or should have known of the alleged defective conditions. The very authorities relied upon by defendant show the necessity for this. 32 *Am. Jur.* 644, *Sec.* 758; 52 *C. J. S., Landlord and Tenant,* § 430, *p.* 104. See also 2 *Restatement of Torts* 971, *Sec.* 359.

■■ With respect to plaintiff's second theory, I understand the complaint to mean that all of the plaster and laths on the ceiling in the confectionary shop fell down, as contrasted with the thought that a small piece or section fell. But the real question is whether that part of the building which gave way was under the control of the landlord. This question is not answered by the statement that all the plaster and laths fell. Clearly, the tenants had the exclusive use of the confectionary shop and the ceiling was as much a part of that shop as the floor or the windows. The ceiling was not a part of the building used in common with other tenants, and in that respect is not comparable with a sidewalk or common stairway; nor is it in the same category as the roof, foundation or exterior walls. In short, I find nothing in the complaint to justify the conclusion that the ceiling was under the landlord's control.

I have discovered no case holding the landlord responsible in a situation like that disclosed in this complaint. There are instances imposing such liability when it was shown that the fall of a ceiling was actually the direct result of the landlord's failure to repair some other part of the building, such as the roof,

which he was duty bound to repair. See *Ionin v. E. D. & M. Corp.,* 107 *N. J. L.* 145, 151 *A.* 640; *Abramowitz v. Schlessinger,* (*Sup.*) 152 *N. Y. S.* 337; *Tauher v. Rochelsky,* 90 *Misc.* 382, 153 *N. Y. S.* 199. Of course, the present complaint makes out no such state of facts, for it does not disclose what caused the fall. In the *Tauher* case, *supra,* perhaps by way of dictum, it was said that if the defect had been one in the ceiling itself, having no connection with the roof, the landlord would not be liable.

■ The complaint as presently drawn discloses no cause of action against the defendant Simon. Her motion must be granted.