ANNA GROCHOWSKI, Plaintiff, v. RALPH W. STEWART, ELIZABETH N. STEWART, JOSEPH J. BRZOSKI and REGINA G. BRZOSKI, Defendants.

(*February* 21, 1961.)

CHRISTIE, J., sitting.

*C. W. Berl, Jr.*, and *Richard L. McMahon* (of Berl, Potter and Anderson) for plaintiff.

*F. Alton Tybout* (of Prickett, Prickett and Tybout) for defendants, Ralph W. Stewart and Elizabeth N. Stewart.

Superior Court for New Castle County, No. 966, Civil Action, 1959.

CHRISTIE, J.:

In this action plaintiff seeks to recover for personal injuries she suffered when she fell on outside steps leading to an apartment occupied by Joseph J. Brzoski and Regina G. Brzoski, located on the first floor of a building owned by Ralph W. and Elizabeth N. Stewart.

The plaintiff has brought suit against both the tenants and the landlords. The Stewarts filed a motion for summary judgment on the ground that a landlord is not responsible for injuries caused by the condition of the leased premises

and that the plaintiff, Mrs. Grochowski, was herself negligent, as a matter of law.

On August 28, 1958, between 9:30 and 11:00 p .m., Mrs. Grochowski tripped and fell down the flight of outside concrete steps which served as a means of access to the first floor apartment, occupied by her daughter, Mrs. Brzoski, and her husband. She was on her way home after having served as a paid babysitter for her daughter.

The building in which the apartment was situated was a two story dwelling owned by the Stewarts. At the time of the accident, the Stewarts lived on the second floor. There were no other families or apartment facilities in the building. The Stewarts' apartment and the Bzroskis' apartment had separate entrances connected by separate outside stairways.

The usual means of ingress and egress from the Brzoskis' apartment was by way of a cement porch, open on both ends from the street end of which the steps in question led to a paved sidewalk. The steps at the other end of the porch were not used because of their inconvenient location, the muddy condition of the lawn surrounding them and the absence of any paved sidewalk leading to them. There was no handrail adjacent to the steps, although there was a concrete abutting wall on the right side of the steps perpendicular to and flush with the top of the porch.

At the time of the accident, it was a dark, clear night. The porch light was on and gave sufficient light for one to see the steps.

Mrs. Grochowski said she caught the heel of her right shoe at or near the edge of the top step, flush with the porch itself, just as she was about to step down. Photographs indicate the edge of the top step was weatherworn and rounded but there was no rough, broken or cracked portion of the riser of that step. The remaining lower steps were in various degrees of disrepair, being rough and uneven, and in spots

pieces of concrete were missing and cracks in the risers of various sizes had appeared.

Mrs. Grochowski said she had become quite familiar with the steps during the ten months she had been babysitting for her daughter. She had never complained to anyone about their condition nor had she even used the other side of the porch.

The Brzoskis stated that they had used only the steps in question as a means of ingress and egress, and that Mr. Brzoski had kept the steps clean and free from snow in the winter. The tenants replaced the front porch lightbulb when necessary but never made any repairs whatever to the front steps either before or after the accident. In reply to the question, "Did the Stewarts ever use these steps on your porch for any reason?", Mr. Brzoski said, "No, just the boys running up and down." The Brzoskis also were accustomed to sitting on the front porch on their own furniture.

After the accident Ralph Stewart roped off the steps, thereby requiring all persons to use the far side of the porch. The record reveals no other evidence of use, care or maintenance of the steps by the landlords.

Plaintiff argues that the Stewarts are liable because they were negligent in constructing and/or maintaining and/or failing to make repairs to the steps. Plaintiff cannot recover from the landlords unless the landlords have breached a duty owed to plaintiff.

The great weight of authority supports the rule that in the absence of any covenant to repair or concealment or fraud by the landlord as to some defect in the demised premises, the tenant takes the demised premises in whatever condition they happen to be, and, subject to important exceptions not here pertinent, neither the tenant nor his invitees can hold the landlord liable for personal injuries resulting from a defective condition, whether such condition existed

at the time the tenant entered or developed later. *Leech v. Husbands, Superior Court* 1930, 4 *W. W. Harr.* 362, 152 *A.* 729.* See also *Goodmaker v. Kelley,* 1957, 154 *Cal. App.* 2d 457, 316 *P.* 2d 746; *Minkkinen v. Nyman,* 1949, 325 *Mass.* 92, 89 *N. E.* 2d 209; *Patton v. Texas Co.,* 1951, 13 *N. J. Super.* 42, 80 *A.* 2d 231; *Cole v. McKey,* 1886, 66 *Wis.* 500, 29 *N. W.* 279; 32 *Am. Jur., Landlord & Tenant,* §§ 657, 665; 1 *Tiffany, Landlord & Tenant,* §§ 96, 97.

The application of this rule in the instant case bars recovery from the landlords by the plaintiff unless the record shows some evidence that (1) the landlords covenanted to keep the steps in repair or (2) the steps remained under the control of the landlords and thus were not a part of the demised premises.

The lease has two provisions which mention repairs. One provision says "the lessee shall keep the demised premises and all improvements and fixtures in good condition, order and repair * * *." The other states "and the lessor * * * shall be permitted at any time during said term, to visit and examine the demised premises * * * to make and/or determine the necessity for making any repairs to the same or to any part of the building."

A distinction must be made between language imposing the duty to repair the demised premises upon the lessee and other language which merely reserves the right to the land-

---

*In the Delaware case of *Seligman v. Simon, et al., Superior Court* 1951, 7 *Terry* 301, 83 *A.* 2d 682, there is dicta that seems to favor the placing of responsibility on the landlord for neglient construction of the premises. The two authorities cited in the *Seligman* case deal largely with defects that amount to nuisances. One of them draws a clear distinction between the duty a landlord owes to a tenant and those in privity with the tenant as opposed to the greater duty owed a stranger. 52 *C. J. S.* Landlord and Tenant § 431a (note 37). The other authority strongly favors the rule stated in the text of this opinion. See 32 *Am. Jur.,* Landlord & Tenant, § 822, but compare § 657 cited above. The *Seligman* case dealt with an interior defect. I find it to be distinguishable on a number of grounds.

lords to enter any portion of the building for the purpose of making repairs or of determining whether repairs are necessary.

The significance of these provisions is a matter of construction and interpretation. Proper interpretation of a document requires that the entire instrument be considered as a whole and its language construed as a whole. *Holland v. National Automotive Fibres, Inc.*, 1937, 22 *Del. Ch.* 99, 194 *A.* 124; 32 *Am. Jur., Landlord & Tenant*, § 127.

I interpret the provisions of the lease to provide that the landlords have merely a right to enter the demised premises to inspect or repair, whereas the tenant alone has the duty to keep the demised premises in repair.

The fact the landlord has made some minor repairs to the leased premises is not an admission of an obligation to repair on his part, when the lease contains a lessee's covenant to repair. *Dalton v. Gibson*, 1906, 192 *Mass.* 1, 77 *N. E.* 1035.

Where only the tenant had the burden of repairing under a covenant to repair, neither the tenant nor his invitees can recover from the landlords for injuries suffered on the demised premises. *Runyon v. City of Los Angeles*, 1919, 40 *Cal. App.* 383, 180 *P.* 837.

I conclude that the landlords did not covenant to repair or maintain the demised premises. It is now necessary to determine whether or not the steps were a part of the demised premises. If the steps were not a part of the demised premises and the landlords retained control over them, the landlords are responsible for repairs even if no covenant to repair existed.

The demised premises are merely described in the lease as the "apartment". The lease does not specifically state

whether or not the right to control the outside steps passed to the lessee.

The lease, however, contains the before mentioned provision whereby the landlord reserves the right to enter the demised premises to make and/or determine the necessity for making repairs. I have decided that this provision does not amount to a covenant to repair. Mention of the lease provision is made at this point only because it might be argued that such provision amounts to a reservation of control, which carries with it a duty to repair even if there is no covenant to repair.

It is clear that a right of entry to inspect or repair is not a reservation of control. The landlords obviously gave up control of the "demised premises". The reservation of a limited right of entry indicates that the premises to which the right applies have been demised and that such demise gives rise to the necessity from the reservation.

The mere reservation of the right to enter to make repairs does not imply a reservation of control over the demised premises. 32 *Am. Jur.*, Landlord & Tenant, § 657; *Stone* v. *Sullivan*, 1938, 300 *Mass.* 450, 15 *N. E.* 2d 476, 116 *A. L. R.* 1228.

If the lease does not specify whether steps are a part of the demised premises and is silent as to control of steps, who is responsible for them?

Usually, only those portions of the premises which are described or properly identified in the lease pass to a tenant. However, if necessary means of egress to the demised premises are not shared by any other tenant and control thereof is not reserved by the landlord, such means of egress are regarded as a part of the demised premises. *Richard Paul, Inc. v. Union Improvement Co.*, 1952, 33 *Del. Ch.* 113, 91 *A.* 2d 49.

In the case of *Miller v. Mutual Mortgage Co.*, 1930, 112 *Conn.* 303, 152 A. 154, a Connecticut court decided that steps used only by the tenant were a part of the leased premises and stated:

"If the stairway be so situated as not naturally to be regarded as intended for a common use by the various tenants but only for use by one of them, this tends to signify that the parties intended it to be annexed to the premises included in the lease of such tenant."

It has been held that where there are separate apartments on different floors of a building and in connection therewith, there are porches connected by stairways, such portion of one porch as is used exclusively by the tenants of a particular apartment, as distinguished from those porches and connecting stairways used in common by the other tenants and/or landlords, is included in the premises leased to the tenant of the particular apartment. *Phelan v. Fitzpatrick*, 1905, 188 *Mass.* 237, 74 *N. E.* 326.

In *Schwartz v. Federal Deposit Ins. Corp.*, 1942, 127 *N. J. L.* 556, 23 *A.* 2d 583, the plaintiff was a visitor of the tenant and had fallen down steps in a two family house which had separate entrances and separate stairways. The court held that the landlord was not liable since the steps were not in common use and no control could be found in the landlord. See also *Schachter et al. v. Cohen et al.*, 1940, 258 *App. Div.* 487, 17 *N. Y. S.* 2d 88; *Flanders v. New Hampshire Savings Bank*, 1939, 90 *N. H.* 285, 7 *A.* 2d 233; *Cohen v. Hill, Sup.* 1938, 6 *N. Y. S.* 2d 293.

I conclude that, in the absence of any reservation of control over the steps by the landlords in the lease, steps used by the tenants of only one apartment are deemed to be a part of the demised premises unless the conduct of the parties indicates a different intention.

The record reveals some facts which tend to show that all parties regarded the steps and porch to be a part of the demised premises. However, the roping off of the steps by the landlords after the accident is some evidence of control over the steps by the landlords.

■ The general rule is that evidence of repairs or precautions taken after an accident is not admissible as evidence of negligence, but such evidence is admissible to show that the control of the premises is in the defendant. *Huber v. Jackson & Sharp Co.*, Superior Court, 1895, 1 *Marv.* 374, 41 *A.* 92; *Wigmore on Evidence* (3rd Ed., 1940) § 283; 64 *A. L. R.* 2d 1296; *Dubonowski v. Howard Savings Inst.*, 1940, 124 *N. J. L.* 368, 12 *A.* 2d 384; *Taylor v. Majestic Building & Loan Ass'n*, 1936, 186 *A.* 594, 14 *N. J. Misc.* 699.

There are cases which indicate that evidence of repairs or precautions taken after the accident are not enough, standing alone, to show that the landlord retained control of the premises. *McClafferty v. Tide Water Associated Oil Co.*, 1948, 2 *N. J. Super.* 626, 65 *A.* 2d 652; *Spinelli v. Golda*, 1950, 6 *N. J.* 68, 77 *A.* 2d 233.

■ However, in this case, where the steps are part of the demised premises only by rebuttable implication, all of the actions by the parties in relation to the steps are facts to be considered by the jury in determining who actually had control of and responsibility for the steps. I find, therefore, that a jury question exists as to control of the steps.

Conflicting inferences as to whether or not plaintiff was contributorily negligent may be drawn from the evidence on that point. This presents a question for the jury. Defendants' motion for summary judgment is denied.