Lucy M. BLAIR and Paul G. Blair

v.

BERLO VENDING CORPORATION and
S and L Enterprises.

Superior Court of Delaware,
New Castle.

Feb. 3, 1972.

William E. Taylor, Jr., Wilmington, for plaintiffs.

Warren B. Burt, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant Berlo Vending Corporation.

Alfred Isaacs, of Flanzer & Isaacs, Wilmington, Delaware, for defendant S & L Enterprises.

## OPINION

CHRISTIE, Judge.

This is an action for damages arising out of personal injuries sustained by the plaintiff when a chair in which she was sitting collapsed.

On March 8, 1968, the plaintiff, Lucy M. Blair, entered a restaurant which was located upon the premises of the New Castle County Farmers Market. She alleges that she was injured when a restaurant chair upon which she was sitting collapsed. The restaurant was operated by the defendant Berlo Vending Corporation, now known as Raceway Concessions, Inc., and Berlo Vending Company (hereafter referred to as "Berlo"), under a lease agreement with the defendant S & L Enterprises (hereafter referred to as "S & L") the owner of the Farmers Market. Pursuant to the lease, Berlo agreed to furnish and equip

the leased premises with its own equipment and to operate it with its own personnel. The manager of the restaurant, an employee of Berlo, had the duty of inspecting all of the equipment and keeping it in good order and repair. The agreement also provided, however, that the general manager of the Farmers Market had the right to ask Berlo to have any faulty equipment that was a hazard to the public taken care of or removed.

As a result of her injuries, the plaintiff brought this action for damages against both Berlo and S & L. The defendant S & L has moved for summary judgment contending that S & L as landlord has no responsibility for faulty furniture supplied by the tenant.

The plaintiff and the defendant Berlo, in opposing the motion, argue that S & L as landlord retained enough control over the premises to render it liable for the injuries caused by the defective chair.

■ The record does not support their contention. Where only the tenant has the burden of repairing, the landlord's right to inspect and to insist upon repair or removal of faulty equipment is not such control as carries liability with it. The right of entry to inspect is not regarded as a reservation of control. Grochowski v. Stewart, 3 Storey 330, 169 A.2d 14 (Del.Super.1961). The restaurant was being operated by Berlo; all of the equipment used on the premises, which included the chair involved in the injury, was owned by Berlo and all of the employees who had contact with that equipment were Berlo employees and not employees of S & L. Moreover, the manager of Berlo had the over-all supervision of the equipment and its maintenance. It was his duty to inspect the equipment and keep it in good order and repair. The chair has not been shown to be within the control of the landlord S & L in any legally significant way.

The parties opposing defendant S & L's motion next contend that, even if the general rule is that a landlord is not liable for injuries to a person on the premises caused by defective equipment completely within the control of the tenant, a special exception to that rule should be applied here. The exception which plaintiff wants the Court to apply provides that where property is leased for a public or semi-public purpose, and at the time of the lease it is not safe for the purpose intended, the landlord is liable to the patrons of the premises for damages resulting from such conditions. 49 Am.Jur.2d, Landlord and Tenant, § 782. I find this doctrine and those cases that the parties cite in support thereof inapposite in this case. The rule is applied in situations where defects existed as to the physical features of the premises at the time of the letting. See Spain v. Kelland, 93 Ariz. 172, 379 P.2d 149 (1963); Schlender v. Andy Jansen Co., 380 P.2d 523 (Okl., 1962); Junkermann v. Tilyou Realty Co., 213 N.Y. 404, 108 N.E. 190 (1915). The defect here is not a structural one nor was it a defect in a physical feature of the realty. The chair was not even supplied by S & L and additionally, the chair was not part of the premises at the time of the letting.

I, therefore, conclude that the landlord, S & L, not being in control of the premises at the time of the accident and not being in control of the chair which is alleged to have caused the injury is not liable for any injury caused by the chair to an invitee of the tenant. See Seligman v. Simon, 7 Terry 301, 83 A.2d 682 (Del.Super.1951).

Summary judgment for the defendant S & L is granted.

It is so ordered.