**Clerc SABUL and Frances Sabul,
his wife, Plaintiffs,**

**v.**

**William LIPSCOMB et al., Defendants.**

Superior Court of Delaware,
New Castle.

July 6, 1973.

Stephen B. Potter, Sullivan, Potter & Roeberg, Wilmington, for plaintiffs.

David T. Smith, Community Legal Aid Society, Inc., Wilmington, for defendants Lipscomb.

Frederick H. Altergott, Asst. City Sol., Wilmington, for defendant City of Wilmington.

## OPINION

WALSH, Judge.

Plaintiffs, Clerc Sabul and Frances Sabul, his wife, the owners of a residence at 318 South Claymont Street, have brought this action for ejectment against defendants, William Lipscomb and Darlene Lipscomb, (tenants) and the City of Wilmington (City), seeking the eviction of tenants and recovery of tenants' rents now held by the City pursuant to a rent withholding ordinance. Tenants' defense is premised on the City Housing Code which bars any action to dispossess tenants during the pendency of a rent withholding proceeding. Landlord contends they are entitled to terminate defendants' tenancy by the express terms of the lease agreement, notwithstanding the ordinance. To the extent that the ordinance bars the eviction proceeding, landlord attacks it as an arbitrary exercise of the police power and moves for summary judgment in their favor.

Tenants occupy the premises under a lease dated December 15, 1966. The initial term of the lease extended for one year from January 6, 1967 but was to be automatically renewed for additional terms of one year unless either party gave ninety days' notice of non-renewal. Landlord reserved the right to terminate the lease upon sixty days' notice in the event the property was sold. The lease further provided that tenants assumed responsibility for keeping the property in good repair.

Sometime in 1970, tenants complained to the City that certain Housing Code violations existed in the house. An inspection by representatives of the City Department of License and Inspections revealed that violations did, in fact, exist and a "Violation Notice" was sent to plaintiffs' local agent, H. H. Rosin, on November 23, 1970. Three weeks later, the City notified H. H. Rosin that the violations were such as to constructively evict tenants who could, from that date forward, withhold rent and pay the same to the City. Beginning on December 22, 1970, and up to the present time, tenants have paid their bi-weekly rents to the City. Although advised of the right to appeal, landlord neither appealed the order nor made the repairs.

On May 25, 1971, landlord entered into an agreement for the sale of the property. Notice was given to tenants on June 5, 1971, to vacate the premises by August 6, 1971. When tenants refused, landlord brought this suit. In October landlord gave tenants written notice of non-renewal effective January 6, 1972.

Landlord first contends that tenants, by failing to properly maintain the premises as required by the lease agreement, are not entitled to the protection of the rent withholding ordinance. The Court accepts landlord's argument that the lease imposed upon the tenants the primary duty to maintain the premises in good repair. Grochowski v. Stewart, Del.Super., 169 A. 2d 14 (1961). Whether the repairs ordered by the City were of the type or extent contemplated by the parties cannot be decided on this record and may well be a factual issue at trial. For present purposes it is a matter of little moment. The ordinance discloses the clear intendment to look to the owner or operator of the property as primarily accountable to the City for maintenance. Whatever the rights and obligations between landlord and tenants, *inter sese,* the landlord may not shift to the tenant the duty imposed on him by the Housing Code. While landlord may have an independent cause of action against the

tenants for breach of the covenant to maintain the premises or for waste, the landlord is nevertheless responsible for correcting violations. Plaintiffs apparently registered the name of their agent, H. H. Rosin, in response to the requirement of the Housing Code (§ 34–10) that the name and address of the person responsible for correction of housing violations be registered with the City. Whether the landlord would be liable if the name of the tenant had been registered with the City as the person responsible is a different question, one not requiring decision in this case.

■ Sections 34–38.1 and 34–40 of the Housing Code prohibit the bringing of any action to dispossess a tenant during the pendency of rent withholding proceedings. The only instance in which a tenant is stripped of the protection of the Housing Code is where the tenant fails to pay rent to the City as required by the Code. When the rent is escrowed and violations are found by the City inspection, the landlord's eviction and/or termination rights under the lease are temporarily suspended. In DePaul v. Kauffman, 441 Pa. 386, 272 A.2d 500, 40 A.L.R.3d 810 (1971), it was held that the statutory provision that "[N]o tenant shall be evicted for any reason whatsoever while rent is deposited in escrow" barred a landlord's action to eject tenants. The Pennsylvania statute operated to extend the tenancy during the continuance of rent withholding, but did not renew the lease for an additional term. While the Wilmington ordinance is not identical, §§ 34–38.1 and 34–40, read together, disclose the same legislative scheme: to freeze the landlord and tenant in their relationship so long as the rent withholding mechanism is in effect. To hold otherwise and permit landlords to terminate the tenancy in accordance with lease provisions would frustrate the purpose of the rent withholding ordinance. Thus a tenancy month-to-month or, at will, would render the ordinance nugatory were

the natural termination provision lease to prevail. It is pertinent to note that the Housing Code was in effect at the time the lease was executed.

Landlord's constitutional attack urges that the ordinance violates the due process clause of the Fourteenth Amendment to the United States Constitution in two respects: (1) it does not require a showing of danger to health and safety or unfitness for human habitation; and (2) because the ordinance does not provide that the rents paid to the City may be used to repair the property, the ordinance bears no real or substantial relation to the attainment of the objective of safe and sanitary rental housing.

■ As to the first constitutional ground, §§ 34–41 through 34–58 of the Housing Code establish minimum standards and requirements for housing subject to the ordinance. A violation, to be the subject of a notice to the landlord, must be "such as to constructively evict the tenant . . .". In contrast, the standard "unfit for human habitation" is reserved for more serious violations permitting condemnation of properties. Housing Code §§ 34–25, 34–26, 34–27, 34–29. The standard of "constructive eviction" is not so vague and indefinite in the context of the entire ordinance as to amount to a denial of due process. Such term is at least as capable of definition as the standard urged by plaintiff, "unfit for human habitation". Compare DePaul v. `Kauffman, supra. "Constructive eviction" is a term adopted by the City to denote a condition of the property which deprives the tenant of the beneficial enjoyment of the property which does not necessarily, but may render the premises unfit for human habitation. Nor does that term, as used in the ordinance, require abandonment of the property. 49 Am.Jur.2d 316, Landlord and Tenant § 301.

■ Landlord's second constitutional attack is also without merit. The ordinance

deprives the landlord of the right to receive rent only while rent withholding proceedings are pending; the rents are to be paid over to the landlord upon abatement of the violations or when the structure is demolished. Housing Code § 34–39. Rent withholding is not uncommon as a means of coercing owners or operators of rental properties to maintain safe and sanitary housing. See 25 Del.C. §§ 5901–5906 (Tenants Receivership Act); 35 Pa.Stats. § 1700–1; N. Y. Real Property Actions and Proceedings Law § 769, McKinney's Consol.Laws, c. 81; N.J.S.A. 2A:42–85 et seq. Unlike other statutes, the Wilmington ordinance does not permit the rents withheld to be applied by the City or the tenant to correct the violations. This fact, alone, does not render the ordinance constitutionally objectionable, however. DePaul v. Kauffman, supra.

The tenant has raised other objections to the grant of summary judgment including the presumption created by § 34–7.1 of the Housing Code that an eviction proceeding initiated within ninety days of rent withholding is retaliatory. Since the ordinance raises a presumption only, the resolution of motive is best left to the trier of fact. In view of the rejection of the motion for summary judgment on other grounds it is unnecessary to deal with motive at this juncture.

To summarize: The Wilmington Rent Withholding Ordinance is not unconstitutional on the grounds advanced by landlord. Landlord is not entitled to rely upon the terms of the lease pertaining to termination of the lease in contravention of the clear intent of the ordinance. The failure of tenants to perform their covenant to maintain the property does not deprive the tenants of the ordinance-conferred protection against eviction. Accordingly, landlord's motion for summary judgment is denied.

It is so ordered.