**Abraham WEISS and Elayne Weiss, his wife, Plaintiffs,**

**v.**

**James WILKINS et al., Defendants.**

Superior Court of Delaware, New Castle.

Nov. 20, 1973.

S. Bernard Ableman, of Connolly, Bove & Lodge, Wilmington, for plaintiffs.

Samuel R. Russell, of Wilson & Russell, Wilmington, for defendant, Arco.

TAYLOR, Judge.

Plaintiff has brought this action to recover for dog bite sustained when plaintiff entered an Atlantic Richfield Service Station in Wilmington. He has sued the operator of the service station, the attendant on duty and Atlantic Richfield Company [Arco]. Arco has moved for summary judgment.

■ The service station was owned by Arco and leased to the defendant Thomas Wilkins [Wilkins] who operated the service station. The lease provided that "Lessee shall exercise and be responsible for exclusive control of the leased premises". Plaintiff cites certain clauses of the lease by which it contends Arco reserved control over the operation of the station. These are:

(1) That the premises can be only used for the operation of a service station, (2) that lessee must submit forms showing fuel sold and that lessor reserves the right to audit lessee's books, (3) that lessee may not close the premises for more than 72 hours, (4) that lessee will keep the premises in a clean and safe condition and lessee will not make any additions or alterations to the premises, (5) that Arco may terminate the lease if the lessee on 15 days notice fails to comply with any of the terms of the lease, (6) that lessee may not assign or sublet the premises, (7) that lessee will extend credit to holders of Arco credit cards, and (8) that Arco may enter the premises at reasonable times to ascertain whether lessee is complying with the terms of the lease and to make necessary repairs. The lease also provides that Arco will maintain and repair the premises.

The lease did obligate the lessee to maintain the premises in a clean and safe condition. The deposition of an Arco representative indicates that he visited the service station once a week and he objected to the dog being kept on the premises and attempted to have the lessee remove the dog. The operator of the service station, Wilkins, confirmed that the representative had objected to the presence of the dog but indicated that he considered there wasn't much the representative could do about it "because I was running the business myself" and "there was nothing legally he could do to make me remove it." Whatever may have been Arco's right to require the dog to be removed, the fact is that Arco did not succeed in having the dog removed and that the dog remained as an exercise of lessee's determination and against the will of Arco. It should be noted that the lease placed the responsibility for maintaining the premises in a safe condition upon lessee, and that Arco had no contractual responsibility therefor.

Plaintiff has cited no authority in support of the proposition that Arco had an implied duty to see that lessee performed its obligation under the lease.

■ The record does not support plaintiff's contention that Arco attempted to rectify an unsafe condition. It appears that while Arco undertook to persuade the operator to change the condition it failed to have changed the condition which he created and maintained. This is distinguishable from the situation where a party makes a change but does so in a negligent manner. Cf. Prosser, Law of Torts, (4th Ed.) 410.

This Court held in Blair v. Berlo Vending Corp., Del.Super., 287 A.2d 696 (1972) that the reservation to the landlord of the right to inspect the premises and to insist on removal of faulty or hazardous equipment did not make the landlord liable to a patron at lessee's restaurant who was injured in the collapse of a chair provided by the lessee.

Similarly, this Court held in Grochowski v. Stewart, Del.Super., 3 Storey 330, 169 A.2d 14 (1961) that the right of entry to inspect or repair is not such a reservation of control as to impose liability upon the landlord for injury to a visitor of the tenant.

■ Plaintiff next contends that Arco is liable on the ground that a landlord is liable for injuries resulting from a nuisance or dangerous condition existing on the premises. The first requisite under this principle is that the nuisance or defective condition must have existed at the time the landlord leased or turned over the premises to the tenant. 52 C.J.S. Landlord and Tenant § 422(2), page 156; Hayes v. Richfield Corporation, 38 Cal.2d 375, 240 P.2d 580 (1952) and Standard Oil v. Decell, 175 Miss. 251, 166 So. 379 (1936), both of which involved falling into an unguarded grease pit at night, are exemplary of the liability of a landlord for renting unsafe premises to be used by the public. Ward v. United States, D.Colo., 208 F. Supp. 118 (1962) applied the same principle to a swimming pool. A landlord has also been held liable for injuries to the public where premises are leased for a specific purpose for which the landlord knows the premises to be inadequate at the time of leasing. 32 Am.Jur., 652, Landlord & Tenant § 764. The condition which resulted in injury to plaintiff was not a condition of the premises and did not exist at the time of the lease. Moreover, nothing in this record indicates that Arco was aware of lessee's intention to keep a dog on the premises at the time of the lease.

■ Finally, plaintiff contends that Arco through the posting of prominent signs on the premises and other advertising has invited the public to patronize this and other service stations and thereby has become liable for the safety of the public on the premises. Plaintiff cites Frear v. Manchester Traction, Light and Power Co., 83 N.H. 64, 139 A. 86 (1927) and Manning v. Leavitt Co., 90 N.H. 167, 5 A. 2d 667 (1939) in support of this proposition. Frear involved injury which occurred on a ferris wheel at an amusement park. The amusement park was owned and operated by a railway company. The ferris wheel was operated by a tenant of the railway company. The Court held that the railway company was liable for injuries which occurred at its amusement park even though the immediate property on which the person was injured was subleased. Manning involved the liability of a department store owner for injury occurring at a beauty salon located within the department store but which was leased to an independent operator. The beauty salon bore the same name as the department store. In both instances, the general area to which the public came was being operated by the party held liable and the Court was unwilling to surround the immediate area where the injury occurred with an immunity growing out of a contractual relationship whose existence was not readily apparent to the public. The physical conditions involved in Frear and Manning distinguish those cases from the present case.

Here, no part of immediate or surrounding premises were being operated by Arco. Hence, there was no commingling of activities of Arco with those of the service station operator. The record indicates that the operation was that of the service station operator alone and the control was his alone.

With respect to the invitation to the public by advertising and display of signs, this defendant is in no different position than many manufacturers of nationally known

products which post signs at retail outlets. Plaintiff has cited no authority for the proposition that this alone is sufficient to impose liability upon the advertiser for injury to members of the public who come upon the premises for purpose of buying the product.[1]  Cf. 8 A.L.R.3d 6.

The record before the Court presents no facts upon which defendant Arco would be liable.  Accordingly, Arco's motion for summary judgment is granted.

It is so ordered.

---

1.  This does not involve injury resulting from a manufacturer's product.